# Exhibit 6

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
RESPONDENTS AND DEFENDANTS: "Additional Parties
Attachment form is attached."

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
PETITIONERS AND PLAINTIFFS: TRUST OF REGAN CARROLL,
REGAN CARROLL, TRUSTEE

RECEIVED
MAYOR'S OFFICE
06 NOV 30 PM 2: 31

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>Superior Court of San Francisco<br>400 McAllister Street<br>San Francisco, CA 94102-4514 | CASE NUMBER:<br>(Número del Caso): **CPF-06-506816** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Thomas N. Lippe, SBN 104640
Law Offices of Thomas N. Lippe; 329 Bryant St., #3D, San Francisco, CA 94107; tel (415) 777-5600

| | | | | |
|---|---|---|---|---|
| DATE: NOV 2 7 2006<br>(Fecha) | **Gordon Park-Li** | Clerk, by<br>(Secretario) | Jun Panelo | , Deputy<br>(Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): CITY AND COUNTY OF SAN FRANCISCO

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

          ☒ other (specify): CCP 416.50 public entity

4. ☐ by personal delivery on (date):

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>American LegalNet, Inc. \| www.USCourtForms.com |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Thomas N. Lippe, SBN #104640<br>LAW OFFICES OF THOMAS N. LIPPE<br>329 Bryant Street, Suite 3D, San Francisco, CA 94107<br>TELEPHONE NO.: 415-777-5600   FAX NO.: 415-777-9809<br>ATTORNEY FOR *(Name)*: Petitioners and Plaintiffs | ENDORSED<br>F I L E D<br>San Francisco County Superior Court<br><br>NOV 2 7 2006<br><br>GORDON PARK-LI, Clerk<br>BY: _____<br>JUN P. PANELO<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: same
CITY AND ZIP CODE: San Francisco, CA 94102-4514
BRANCH NAME:

| CASE NAME:<br>Trust of Regan Carroll v City and County of San Francisco, et al | | |
|---|---|---|
| **CIVIL CASE COVER SHEET** | Complex Case Designation | CASE NUMBER:<br>**CPF-06-506816** |
| ✔ **Unlimited** ☐ **Limited**<br>(Amount        (Amount<br>demanded     demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ **Counter**  ☐ **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | JUDGE:<br><br>DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 1800–1812)** |
| ☐ Uninsured motorist (46) | ☐ Collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Insurance coverage (18) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Other contract (37) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | **Real Property** | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Eminent domain/Inverse | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | condemnation (14) | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | ☐ Wrongful eviction (33) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Other real property (26) | types (41) |
| ☐ Business tort/unfair business practice (07) | **Unlawful Detainer** | **Enforcement of Judgment** |
| ☐ Civil rights (08) | ☐ Commercial (31) | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Residential (32) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Drugs (38) | ☐ RICO (27) |
| ☐ Intellectual property (19) | **Judicial Review** | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | ☐ Asset forfeiture (05) | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Petition re: arbitration award (11) | ☐ Partnership and corporate governance (21) |
| **Employment** | ✔ Writ of mandate (02) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Other judicial review (39) | |
| ☐ Other employment (15) | | |

2. This case ☐ is  ✔ is not   complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel  e. ☐ Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve            in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence     f. ☐ Substantial postjudgment judicial supervision
3. Type of remedies sought *(check all that apply)*:
   a. ☐ monetary  b. ✔ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify)*: one (1)
5. This case ☐ is  ✔ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 27, 2006

Thomas N. Lippe                                                    ▶ _____
_____                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)
(TYPE OR PRINT NAME)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2006] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 201.8, 1800–1812;<br>Standards of Judicial Administration, § 19<br>*www.courtinfo.ca.gov* |
|---|---|---|

American LegalNet, Inc.

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Thomas N. Lippe, SBN 104640<br>Law Offices of Thomas N. Lippe<br>329 Bryant Street, Suite #3D<br>San Francisco, CA 94107<br>TELEPHONE NO.: 415-777-5600    FAX NO. *(Optional):* 415-777-9809<br>E-MAIL ADDRESS *(Optional):* lippelaw@sonic.net<br>ATTORNEY FOR *(Name):* Petitioners and Plaintiffs | ENDORSED<br>F I L E D<br>San Francisco County Superior Court<br><br>NOV 2 7 2006<br><br>GORDON PARK-LI, Clerk<br>BY _____ CAROLYN BALISTRERI |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco |
|---|
| STREET ADDRESS: 400 McAllister Street |
| MAILING ADDRESS: same |
| CITY AND ZIP CODE: San Francisco, CA 94102-4514 |
| BRANCH NAME: |

| PLAINTIFF/PETITIONER: Trust of Regan Carroll, et al | CASE NUMBER:<br>CPF-06-506816 |
|---|---|
| DEFENDANT/RESPONDENT: City and County of San Francisco, et al | JUDICIAL OFFICER: |
| NOTICE OF RELATED CASE | DEPT.: |

The following case or cases are related to the above-captioned case:

1. a. Title: Trust of Regan Carroll v. City and County of San Francisco Department of Building Inspection, et al
   b. Court: [✓] same as above ☐ other *(name and address):*

   c. Case number: CPF-06-506542
   d. Filing date: August 4, 2006
   e. Relationship to this case: see Attachment 1

   f. If the related case is pending in the same court as this case, explain why the assignment of the cases to a single judge is likely to result in efficiencies:

      [✓] Additional explanation is attached in Attachment 1.

2. a. Title:
   b. Court: ☐ same as above ☐ other *(name and address):*

   c. Case number:
   d. Filing date:
   e. Relationship to this case:

   f. If the related case is pending in the same court as this case, explain why the assignment of the cases to a single judge is likely to result in efficiencies:

      ☐ Additional explanation is attached in Attachment 2.

3. ☐ Additional related cases are described in Attachment 3.

Date: November 27, 2006

Thomas N. Lippe
_____
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

*(right margin, rotated)* 06 NOV 30 PM 2: 31    RECEIVED MAYOR'S OFFICE

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
CM-015 [New January 1, 2006]

Cal. Rules of Court, rule 804
*www.courtinfo.ca.gov*

American LegalNet, Inc.
www.USCourtForms.com

NOTICE OF RELATED CASE
ATTACHMENT 1

| PLAINTIFF:   Trust of Regan Carroll, et al | CASE NUMBER: |
|---|---|
| DEFENDANT: City and County of San Francisco, et al | |

The following case or cases are related to the above-caption case:

1. e. Relationship to this case:

Case No CPF-06-506542 involves the same parties and relates to Respondent City of San Francisco's procedures for reviewing the same building permit application that is the subject of this action.

1. f. If the related case is pending in the same court as this case, explain why the assignment of the cases to a single judge is likely to result in efficiencies:

Respondent City of San Francisco's has been processing Petitioner's Building Permit Application No. 9902819 since 1999. Since December of 2005, the City has refused to issue the permit despite fully approving the application. Case No CPF-06-506542 challenges the Building Inspection Commission's and Board of Appeal's denial of Petitioners administrative appeals, which sought to overturn the Department of Building Inspection's and Department of Planning's eleventh hour imposition of new permit approval requirement on Petitioner. The instant case seeks a judicial declaration that Building Permit Application No. 9902819 is deemed approved by operation of law under the Permit Streamlining Act; and a peremptory writ of mandate ordering the City to issue the building permit forthwith. Most of the underlying facts of the two cases, especially the factual history of the permit application from 1999 through December of 2005, is the same for both cases.

p033Aa NOTICE OF RELATED CASEATTACHMENT 1.wpd

1  Thomas N. Lippe, Esq. SB #104640
   Andrea Rosenthal, Esq. SB#154769
2  LAW OFFICES OF THOMAS N. LIPPE
   329 Bryant Street, Suite 3D
3  San Francisco, California 94107
   Tel: (415) 777-5600
4  Fax: (415) 777-9809

5
   Attorneys for Petitioners and Plaintiffs:
6  Trust of Regan Carroll, Regan Carroll, Trustee

ENDORSED
F I L E D
*San Francisco County Superior Court*

NOV 2 7 2006

GORDON PARK-LI, Clerk
BY: _____JUN P. PANELO_____
                        Deputy Clerk

7

8

9            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                 CITY AND COUNTY OF SAN FRANCISCO

11

12
   TRUST  OF  REGAN  CARROLL,  REGAN )    Case No. **C P F = 0 6 - 5 0 6 8 1 6**
13 CARROLL, TRUSTEE,                  )
                                      )    **PETITION FOR WRIT OF MANDATE**
14            Petitioners and Plaintiffs,  )  **AND     COMPLAINT     FOR**
                                      )    **DECLARATORY RELIEF**
15 v.                                 )
                                      )
16 CITY  AND  COUNTY  OF  SAN  FRANCISCO;)
   CITY  AND  COUNTY  OF  SAN  FRANCISCO )
17 DEPARTMENT OF BUILDING INSPECTION, )
   AND CITY OF COUNTY OF SAN FRANCISCO )
18 PLANNING DEPARTMENT,               )
                                      )
19            Respondents and Defendants.  )
                                      /

20

21

22

23

24

25

26

27

28

RECEIVED
MAYOR'S OFFICE
06 NOV 30 PM 2: 32

FFICES OF
.S N. LIPPE
yant Street
ite 3D
ISCO, CA 94107
5) 777-5600

1   Petitioners and Plaintiffs TRUST OF REGAN CARROLL and REGAN CARROLL,

2   TRUSTEE (hereinafter collectively referred to as "Mr. Carroll") allege as follows:

3   1.   This case arise from the failure by Respondent and Defendant CITY AND COUNTY OF

4   SAN FRANCISCO (hereinafter the "City") to timely approve Building Permit Application No.

5   9902819 and issue a building permit to Mr. Carroll in violation of the Permit Streamlining Act at

6   Government Code § 65920 *et seq.* Mr. Carroll seeks a judicial declaration that the City's refusal to

7   issue said permit is unlawful and that Building Permit Application No. 9902819 is deemed approved

8   by operation of law; and a peremptory writ of mandamus ordering the City to issue to Mr. Carroll the

9   building permit for Building Permit Application No. 9902819 forthwith.

## I. THE PARTIES

11   2.   Petitioners and Plaintiffs TRUST OF REGAN CARROLL and REGAN CARROLL,

12   TRUSTEE (hereinafter collectively referred to as "Mr. Carroll") are the owners of real property

13   located in the City and County of San Francisco commonly known as 1179-1189 Tennessee Street,

14   which is located in the Dogpatch neighborhood of San Francisco. The real property commonly

15   known as 1179-1189 Tennessee Street is hereinafter referred to as the "Property."

16   3.   Respondent and Defendant CITY AND COUNTY OF SAN FRANCISCO is a municipal

17   organization organized and existing under the Constitution and laws of the State of California.

18   Respondent and Defendant CITY AND COUNTY OF SAN FRANCISCO DEPARTMENT OF

19   BUILDING INSPECTION ("DBI") is an agency of the City established by City Charter § D3.750

20   having "responsibility for the enforcement, administration, and interpretation of the City's Housing,

21   Building, Mechanical, Electrical, and Plumbing Codes...." Respondent and Defendant CITY OF

22   COUNTY OF SAN FRANCISCO PLANNING DEPARTMENT ("Planning Department") is an

23   agency of the City created by San Francisco City Charter § 101 "to administer and enforce the City

24   Planning Code." City, DBI, and the Planning Department are collectively referred to herein as

25   "City."

## II. FACTUAL BACKGROUND

27   4.   On or about February 11, 1999, Mr. John Stricklin, the then current owner of the Property,

28   submitted Building Permit Application No. 9902819 to the City for a permit to construct a four (4)

OFFICES OF
/AS N. LIPPE
Bryant Street
Suite 3D
NCISCO, CA 94107
(415) 777-5600

1  story, eight (8) unit residential building on the Property. Mr. Stricklin's application included a

2  request for a variance because the proposed building would encroach on the rear yard setback

3  required by the San Francisco Planning Code.

4      5.      On or about July 28, 1999, the Planning Department issued for public review and comment

5  a Negative Declaration prepared pursuant to the California Environmental Quality Act (hereinafter

6  "CEQA") for Mr. Stricklin's application. The Negative Declaration evaluated potential effects on

7  historic resources and found them to be "not significant," stating: "[i]n the independent judgment of

8  the Department of City Planning, there is no substantial evidence that the project could have a

9  significant effect on the environment."

10      6.      On or about August 10, 1999, the Planning Department adopted the Negative Declaration and

11  approved the variance request.

12      7.      On March 31, 2000, Mr. Carroll acquired title to the Property.

13      8.      On or about March 31, 2000, Mr. Carroll acquired pending Building Permit Application No.

14  9902819 by assignment from Mr. Stricklin. Mr. Carroll re-designed the proposed building to

15  eliminate the need for a rear yard variance by removing a portion of rear of the building and reducing

16  the overall building envelope.

17      9.      The Permit Streamlining Act ("PSA"), at Government Code § 65943, requires the permit

18  issuing agency to notify the applicant when and why an application is "incomplete" and also when

19  it is "complete." On or about June 26, 2001, the City approved the Site Permit plans for Building

20  Permit Application No. 9902819 and provided notice to Mr. Carroll that the Building Permit

21  Application No. 9902819 was complete for purposes of the PSA.

22      10.    Under the PSA at Government Code § 65944, once the permit issuing agency accepts the

23  application as complete, it cannot require that the applicant submit any new categories of information

24  not previously identified, though the agency may "in the course of processing the application, request

25  the applicant to clarify, amplify, correct, or otherwise supplement the information required for the

26  application."

27      11.    Between June 26, 2001 and November of 2005, the City requested and Mr. Carroll provided

28  additional supplemental information for purposes of the City's review and approval of various

OFFICES OF
AS N. LIPPE
Bryant Street
Suite 3D
CISCO, CA 94107
15) 777-5600

1   "Technical Addenda" to the Site Permit plans for Building Permit Application No. 9902819 relating

2   to mechanical, structural and other matters specified by the San Francisco Building Code.

3   12.    On or about June of 2005 and again on or about November 14, 2005 the City approved all of

4   the required Technical Addenda for Building Permit Application No. 9902819.

5   13.    On or about November 14, 2005 the City notified Mr. Carroll that his permit was ready for

6   issuance upon proof of payment to the San Francisco Unified School District of school facilities fee.

7   14.    On December 2, 2005, Mr. Carroll paid the school facilities fee, appeared at the City's Central

8   Permit Bureau, presented his receipt for payment of the school facilities fee and requested that his

9   building permit be issued.  The City refused to issue the requested building permit to Mr. Carroll.

10  15.    Since its refusal to issue the requested building permit to Mr. Carroll December 2, 2005, the

11  City has informed Mr. Carroll that it will not issue the requested building permit and will deny

12  Building Permit Application No. 9902819 unless and until he submits to the City for its discretionary

13  approval an application for a Certificate of Appropriateness pursuant to Article 10 of the San

14  Francisco Planning Code.

15  16.    Article 10 of the San Francisco Planning Code is the City's historic preservation ordinance,

16  adopted in 1967.   Article 10 requires the submission and approval of an application for a Certificate

17  of Appropriateness for certain development projects located in areas of the City that have been

18  designated as "historic districts."  On April 18, 2003, almost two years after the City found the

19  application and approved the Site Permit, the City designated the Dogpatch neighborhood in which

20  Mr. Carroll's property is located as a "historic district" by adopting Appendix L to Article 10.

21  17.    At no time before December 2, 2005 did the City ever inform Mr. Carroll that he would be

22  required to submit to the City for its discretionary approval an application for a Certificate of

23  Appropriateness pursuant to Article 10 of the San Francisco Planning Code.

### III.  FIRST CAUSE OF ACTION

25  18.    Petitioner hereby realleges and incorporates the preceding paragraphs of this Petition as

26  though set forth herein in full.

27  19.    The Permit Streamlining Act was enacted in 1977, when the California Legislature added

28  chapter 4.5, entitled "Review and Approval of Development Projects," to the Government Code,

OFFICES OF
1AS N. LIPPE
Bryant Street
Suite 3D
NCISCO, CA 94107
415) 777-5600

- 3 -

Petition for Writ of Mandate and Complaint for Declaratory Relief; Case No. (To be assigned)

1    commencing with section 65920. The Act's purpose, as stated in Government Code §65921, is to

2    "ensure clear understanding of the specific requirements which must be met in connection with the

3    approval of development projects and to expedite decisions on such projects." The Act was adopted

4    to relieve permit applicants from protracted and unjustified governmental delays in processing their

5    applications for development projects. *Bickel v. City of Piedmont* (1997) 16 Cal.4th 1040, 1049.

6    20.    Mr. Carroll's Building Permit Application No. 9902819 is a development project subject to

7    the PSA.

8    21.    Under the PSA at Government Code § 65940, the City is required to compile one or more lists

9    specifying in detail the information required for review and approval of an application for a

10   development project, and to make such lists available to all applicants and to anyone else who

11   requests them. The lists must indicate the criteria that will be applied in determining whether an

12   application is complete, and the time limits for the review and approval of the applications.

13   (Government Code §§ 65941, 65941.5; *Beck Dev. Co. v. Southern Pac. Transp. Co.* (1996) 44

14   Cal.App.4th 1160, 1198.)

15   22.    The City's insistence that Mr. Carroll submit to the City for its discretionary approval an

16   application for a Certificate of Appropriateness pursuant to Article 10 of the San Francisco Planning

17   Code violates the PSA at Government Code § 65944 because it requires information that was not

18   specified in any list compiled by the City pursuant to the PSA at Government Code § 65940 before

19   the City found Building Permit Application No. 9902819 complete.

20   23.    Under the PSA at Government Code §§ 65941 and 69550(a)(3), the permit issuing agency

21   may take steps to comply with CEQA. Here, as noted above, the City complied with CEQA for

22   Building Permit Application No. 9902819 by adopting a Negative Declaration on or about July 28,

23   1999.

24   24.    Under the PSA at Government Code § 65950(a)(3), once the permit issuing agency accepts

25   the application as complete and adopts a Negative Declaration pursuant to CEQA, the agency must

26   approve or disapprove the development application within sixty days thereafter. Here, the City failed

27   to approve or disapprove Building Permit Application No. 9902819 within this time limit.

28   25.    On or about July 18, 2006, Mr. Carroll notified the City that it was in violation of the PSA.

OFFICES OF
AS N. LIPPE
Bryant Street
Suite 30
CISCO, CA 94107
15) 777-5600

26.     Under the PSA at Government Code § 65956, where the permit issuing agency violates the time limits required by the PSA by failing to approve or disapprove the development application within sixty days after accepting the application as complete and adopting a Negative Declaration pursuant to CEQA, the applicant may give notice to the agency and the affected members of the public that unless the agency approves or disapprove the development application within sixty days of the notice, the application will be deemed approved by operation of law.

27.     On or about August 9, 2006, Petitioner complied with the PSA at Government Code § 65956(b) by providing the City with seven days advance notice that Petitioner intended to provide public notice that the Project would be deemed approved by operation of law if the City did not approve or disapprove Building Permit Application No. 9902819 within sixty days of said public notice.

28.     On August 30, 2006, pursuant to the PSA at Government Code § 65956(b), Petitioner provided the City and the public with notice that the Project would be deemed approved by operation of law if the City did not approve or disapprove Building Permit Application No. 9902819 within sixty days of said public notice.

29.     Under the PSA at Government Code § 65956(b), where the permit issuing agency fails to approve or disapprove the development application within sixty days after the notice specified in Government Code § 65956(b) is given, the application is deemed approved by operation of law.

30.     The City failed to approve or disapprove Building Permit Application No. 9902819 within sixty days of said public notice.

31.     Mr. Carroll has attempted on several occasions to informally resolve these issues with the City, to no avail.

## IV. PRAYER FOR RELIEF

WHEREFORE, Mr. Carroll prays for relief as follows:

1.     For judicial determinations and declarations that:

    a.      the City's refusal to approve Building Permit Application No. 9902819 and issue said permit is unlawful and in violation of the PSA; and

    b.      Building Permit Application No. 9902819 is deemed approved by operation of law.

- 5 -

OFFICES OF
IAS N. LIPPE
Bryant Street
Suite 3D
ICISCO, CA 94107
415) 777-5600

2.  For a peremptory writ of mandate ordering the City to issue to Mr. Carroll the building permit for Building Permit Application No. 9902819 forthwith.

3.  For reasonable attorney's fees under Government Code § 800;

4.  For costs of suit; and

5.  For such other and further relief as the court deems proper.

DATED: November 27, 2006          LAW OFFICES OF THOMAS N. LIPPE

By: _____
    Thomas N. Lippe
    Attorney for Petitioners and Plaintiffs
    Trust of Regan Carroll and Regan Carroll, Trustee

P030b Petition for Writ.wpd

FFICES OF
S N. LIPPE
yant Street
te 3D
SCO, CA 94107
5) 777-5600

Petition for Writ of Mandate and Complaint for Declaratory Relief; Case No. (To be assigned)

<u>VERIFICATION</u>

*Trust of Regan Carroll v. City and County of San Francisco, et. al.,* San Francisco County Superior

Court, Case No. [Unassigned]

I, Regan Carroll, declare:

I am a Petitioner/Plaintiff in this action. I have read the foregoing Petition for Writ of

Mandate and Complaint for Declaratory Relief and know the contents thereof; the factual allegations

therein are true of my own knowledge.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing

is true and correct.

Executed on the 27TH th day of November, 2006 at Smith River, California.

Regan Carroll, TRUSTEE
TRUST OF REGAN CARROLL

LAW OFFICES OF
THOMAS N. LIPPE
201 Bryant Street
Suite 20
SAN FRANCISCO, CA 94107
TEL. (415) 777-5606

- 7 -

**Exhibit 7**

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO BOARD
OF APPEALS, RANDALL KNOX, MICHAEL GARCIA, KATHERINE
ALBRIGHT, FRANK FUNG, ROBERT HAALAND, (In their
capacity as Members of the Board of Appeals) and DOES
1 through 20, inclusive

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

MAYOR'S OFFICE

07 JUL 23 PM 4: 17

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
REGAN CARROLL TRUST, Regan Carrol, trustee,

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Francisco Superior Court
400 McAllister Street
San Francisco, CA 94102
Unlimited Civil Jurisdiction

CASE NUMBER
*(Número del Caso):*
CGC07 - 463565

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Andrew M. Zacks, (SBN 147794)          415-956-8100     415-288-9755
ZACKS UTRECHT & LEADBETTER, PC
235 Montgomery Street, Suite 400
San Francisco, CA 94104

DATE: 5/21/2007                         GORDON PARK-LI Clerk, by _____, Deputy
*(Fecha)*                               *(Secretario)*                        *(Adjunto)*

CRISTOS G. BAUTISTA

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Legal
Solutions
® Plus

Code of Civil Procedure §§ 412.20, 465

# City & County of San Francisco City Attorney's Office
## Litigation Log Sheet

File #        080138
Case Name     Regan Carroll Trust, Regan Carroll, Trustee

---

From Case: 070412

**Disposition**

**Full Caption**

Trust of Regan Carroll, Regan Carroll, Trustee  v. CCSF, SF Board of Appeals, et al and Does 1-20, **inclusive**

**Department:**  PAB: PAB     Board of Appeals
**Cause Code:**  Miscellaneous

**Subject**

CASE NUMBER: CGC-07-463565  REGAN CARROLL et al VS. CITY AND COUNTY OF SAN FRA

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:**    **OCT-19-2007**

**TIME:**    **9:00AM**

**PLACE:**   **Department 212**
             **400 McAllister Street**
             **San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL. (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

POS-040

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Andrew M. Zacks (SBN 147794)<br>Zacks, Utrecht & Leadbetter, PC<br>235 Montgomery Street, Suite 400<br>San Francisco, CA 94104 | RECEIVED<br>MAYOR'S OFFICE<br>07 JUL 23  PM 4: 17 |

TELEPHONE NO.: 415-956-8100   FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*: Trust of Regan Carroll

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco

STREET ADDRESS: 400 McAllister Street

MAILING ADDRESS:

CITY AND ZIP CODE: San Francisco, CA 94102

BRANCH NAME: Unlimited Civil Jurisdiction

PETITIONER/PLAINTIFF: Trust of Regan Carroll, Regan Carroll Trustee

RESPONDENT/DEFENDANT: City and County of San Francisco, et al.

| | |
|---|---|
| **PROOF OF SERVICE—CIVIL**<br>**Check method of service** *(only one)*:<br>☐ By Personal Service    ☐ By Mail    ☐ By Overnight Delivery<br>☒ By Messenger Service    ☐ By Facsimile    ☐ By E-Mail/Electronic Transmission | CASE NUMBER:<br>463565<br><br>JUDGE:<br>DEPT.: |

**(Do not use this Proof of Service to show service of a Summons and Complaint.)**

1. At the time of service I was over 18 years of age and not a party to this action.

2. My address is *(specify one)*:

   a. ☒ Business: 235 Montgomery St. Suite 400  b.☐ Residence:
   San Francisco, CA 94104

3. On *(date)*:7/23/2007       I served the following documents *(specify)*:Complaint for Injunction and Declatory Releif, Summons, Notice to Plaintiff

☐ The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).

5. I served the documents on the **persons below**, as follows:

   a. Name of person served:

   b. Address of person served:

   c. Fax number or e-mail address of person served, if service was by fax or e-mail:

   d. Time of service, if personal service was used:

   ☒ The names, addresses, and other applicable information about the persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

6. The documents were served by the following means *(specify)*:

   a. ☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

Legal
Solutions
⚖ Plus

Code of Civ. Proc., §§ 1011, 1013, 1013a, 2015.5

| CASE NAME Trust of Regan Carroll v. CCSF | CASE NUMBER: 463565 |
|---|---|

5 b. ☐ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one):*

(1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

(2) ☐ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):*

c. ☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☒ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 4. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

f. ☐ **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed in item 4. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 7/23/2007

Gina Robertson
(TYPE OR PRINT NAME OF DECLARANT)

▶ _(SIGNATURE OF DECLARANT)_

*(If item 5d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

## DECLARATION OF MESSENGER

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):* 7/23/2007

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 7/23/2007

LANCE MITCHELL
(NAME OF DECLARANT)

▶ _Lance Mitchell_
(SIGNATURE OF DECLARANT)

POS-040 [New January 1, 2005]

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

POS-040(P)

| SHORT TITLE: Regan Carroll Trust v. CCSF  et al. | CASE NUMBER: 463565 |
|---|---|

## ATTACHMENT TO PROOF OF SERVICE—CIVIL (PERSONS SERVED)
### (This Attachment is for use with form POS-040)

NAMES, ADDRESSES, AND OTHER APPLICABLE INFORMATION ABOUT PERSONS SERVED:

| Name of Person Served | Address (business or residential), Fax, or E-mail (as applicable) Where Served | Time of Service (for personal service) |
|---|---|---|
| Office of the Mayor | City Hall, Room 200<br>1 Dr. Carlton B. Goodlett Place<br>San Francisco, CA 94102 | Time: _____ |
| Board of Appeals | 1660 Mission Street<br>San Francisco, CA 94103 | Time: _____ |
| Kristin Jensen | City Hall, Room 234<br>1 Dr. Carlton B. Goodlett Place<br>San Francisco, CA 94102 | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |

Form Approved for Optional Use
Judicial Council of California
POS-040(P) [New January 1, 2005]

ATTACHMENT TO PROOF OF SERVICE—CIVIL (PERSONS SERVED)
(Proof of Service)

Legal
Solutions
Plus

ANDREW M. ZACKS (CA# 147794)
JAMES B. KRAUS (CA# 184118)
ZACKS UTRECHT & LEADBETTER
235 Montgomery Street, Suite 400
San Francisco, CA 94104
(415) 956-8100

Attorneys for plaintiff Regan Carroll Trust

**FILED**
San Francisco County Superior Court

MAY 21 2007

GORDON PARK-LI, Clerk

Deputy Clerk

OCT 19 2007 - 9:00 AM

SUMMONS ISSUED

SUPERIOR COURT - STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO - UNLIMITED CIVIL JURISDICTION

REGAN CARROLL TRUST, Regan
Carroll, trustee,

        Plaintiff,

    v.

CITY AND COUNTY OF SAN
FRANCISCO, SAN FRANCISCO
BOARD OF APPEALS,
RANDALL KNOX, MICHAEL GARCIA,
KATHERINE ALBRIGHT, FRANK
FUNG, ROBERT HAALAND, (In their
capacity as Members of the Board of
Appeals) and DOES 1 through 20,
inclusive,

        Defendants.

CASE NO. 07 - 463565

COMPLAINT FOR INJUNCTION
AND DECLARATORY RELIEF

(Cal Gov. Code § 54950, et seq.)

RECEIVED
MAYOR'S OFFICE
07 JUL 23 PM 4: 17

INTRODUCTORY ALLEGATIONS

1.    Plaintiff Regan Carroll Trust is a private trust established in the state of
California. Regan Carroll is its trustee. The trust owns the real property, located at
1179-1189 Tennessee Street, San Francisco (the "Premises") which is the subject of
the permit at issue in this action, and venue is proper in this judicial district.

2.    Defendant City and County of San Francisco ("City") is a municipal
agency of the State of California. San Francisco Board of Appeals ("Board of

1

Complaint

Appeals"), is appointed by the City Board of Supervisors and is responsible under the City Charter and the San Francisco Administrative Code for review of building permits granted by the San Francisco Planning Department. As such, the Board of Appeals is a legislative body of a local agency within the definition of the California Public Meetings Law, Government Code Section 54950, et seq. (the "Ralph M. Brown Act") and is subject to the San Francisco Administrative Code, Chapter 67, (the "Sunshine Ordinance").

3.      Named Board of Appeal members, Randall Knox, Michael Garcia, Katherine Albright, Frank Fung, Robert Haaland, were nominadted by the Mayor of the City and County of San Francisco or the President of the Board of Supervisors and approved by the Board of Supervisors pursuant to San Francisco City Charter §4.106. The Board of Appeals is a legislative body of a local agency under the Brown Act and the Sunshine Ordinance and the individual members are responsible for the observance of those laws.

4.      Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does one through twenty, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants.

5.      Underlying this complaint is a construction permit application Plaintiff had filed with the City's Planning Department and which was denied.

Complaint

6.     On March 7, 2006, Board of Appeals met and denied Plaintiff's appeal of the denial of the building permit. On April 4, 2006, a rehearing was held and the denial upheld. On, April 6, 2006 Plaintiff served a Cure and Correct demand letter for violations identified at the March 7 meeting. On May 6, 2006 the cure and correct period expired for the letter.

<u>FIRST CAUSE OF ACTION</u>

(Violation of Brown Act & Sunshine Ordinance, Illegal Seriatim Meeting)

7.     Plaintiff realleges and incorporates by reference paragraphs 1 through 6 above.

8.     The Ralph M. Brown Act at Gov. Code §54953(a) provides that:

> "All meetings of the legislative body of a local agency shall be open and public, and all persons shall be permitted to attend any meeting of the legislative body of a local agency, except as otherwise provided in this chapter."

9.     The San Francisco Sunshine Ordinance at Admin. Code, Section 67.5 provides that:

> "All meetings of any policy body shall be open and public, and governed by the provisions of the Ralph M. Brown Act (Government Code Sections 54950 et. seq.) and of this article. In case of inconsistent requirements under the Brown Act and this article, the requirement which would result in greater or more expedited public access shall apply."

10.     At the meeting of March 7, 2007, when requested to disclose advice from the City Attorney and to consider recusal of the City Attorney for conflict of interest, the defendant members of the Board of Appeals indicated that contacts have taken place with the City Attorney and that they are entitled to keep such contacts private. Such contacts constitute a seriatim meeting in violation of the

1  provisions of the Brown Act and Sunshine Ordinance set forth above.

2  <center>SECOND CAUSE OF ACTION</center>

3  (Violation of Brown Act & Sunshine Ordinance, Improper Closed Session)

4  11.    The allegations of paragraphs 1 through 10 are realleged and

5
6  incorporated herein by reference.

7  12.    The Ralph M. Brown Act at Gov. Code §54954.2(a)(1) provides as

8  follows:

9
10  "At least 72 hours before a regular meeting, the legislative
body of the local agency, or its designee, shall post an
11  agenda containing a brief general description of each item of
business to be transacted or discussed at the meeting,
12  including items to be discussed in closed session."

13  13.    The Ralph M. Brown Act at Gov. Code §54957.1(a) provides as follows:

14
15  "The legislative body of any local agency shall publicly
report any action taken in closed session and the vote or
abstention of every member present thereon, as follows:"

16
17  14.    The San Francisco Sunshine Ordinance at 67.8(a) provides as follows:

18  "In addition to the brief general description of items to be
discussed or acted upon in open and public session, the
19  agenda posted pursuant to Government Code Section
54954.2, any mailed notice given pursuant to Government
20  Code Section 54954.1, and any call and notice delivered to the
local media and posted pursuant to Government Code
21  Section 54956 shall specify and disclose the nature of any
closed sessions by providing all of the following
22  information."

23
24  15.    In addition, the Sunshine ordinance provides for a list of permitted

25  topics at "Section 67.10, Closed Sessions: Permitted Topics," specifies the extent of

26  disclosure of justifications for the closed sessions at "Sec. 67.11. Statement Of

27  Reasons For Closed Sessions," and requires a disclosure of action and a vote to

28

<center>4</center>

<center>Complaint</center>

1  Sunshine Ordinance the Board of Appeals and its members are **required to meet only**

2  at publicly noticed times and place where public attendance **is allowed;**

3      4.      For a declaration stating that under the **Brown Act and the**

4  Sunshine Ordinance the Board of Appeals and its members are **required to hold all**

5
   closed sessions meetings at the time and place described in **the notice;**
6

7      5.      For an order directing that all contacts between the **City Attorney and**

8  members of the defendant Board of Appeals be fully disclosed;

9      6.      For attorneys fees incurred in the prosecution of **this action in the**
10
    public interest;
11

12      7.      For costs of suit herein incurred; and

13      8.      For such other and further relief as this Court deems **fair, just and**

14  equitable.

15

16
    Date: May 21, 2007                    ZACKS UTRECHT & LEADBETTER, P.C.
17

18

19                                        By:    James B. Kraus
20                                               Attorneys for Regan Carroll

21

22

23

24

25

26

27

28



# Exhibit 8

ENDORSED
F I L E D
San Francisco County Superior Court

MAY 0 9 2007

GORDON PARK-LI, Clerk
BY: _____MARY ANN MORAN_____
Deputy Clerk

1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  KRISTEN A. JENSEN, State Bar #130196
   THOMAS S. LAKRITZ, State Bar #161234
3  CHRISTINE VAN AKEN, State Bar #241755
   Deputy City Attorneys
4  City Hall, Room 234
   1 Dr. Carlton B. Goodlett Place
5  San Francisco, California 94102
   Telephone:    (415) 554-4615
6  Facsimile:    (415) 554-4757
   E-Mail:       kristen.jensen@sfgov.org

7

8  Attorneys for Respondent
   CITY AND COUNTY OF SAN FRANCISCO

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                     COUNTY OF SAN FRANCISCO

12                       UNLIMITED JURISDICTION

13

| 14 | TRUST OF REGAN CARROLL, REGAN CARROLL, TRUSTEE | Case No. CPF-06-506542 |
|----|----|----|
| 15 | Petitioner, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO AMENDED PETITION FOR WRIT OF MANDATE AND ADMINISTRATIVE MANDAMUS** |
| 16 | vs. | |
| 17 | CITY AND COUNTY OF SAN FRANCISCO DEPARTMENT OF BUILDING INSPECTION, CITY AND COUNTY OF SAN FRANCISCO BUILDING INSPECTION COMMISSION, CITY AND COUNTY OF SAN FRANCISCO PLANNING DEPARTMENT, CITY AND COUNTY OF SAN FRANCISCO BOARD OF APPEALS, | Hearing Date:  June  12, 2007 Hearing Judge:  Hon. Patrick J. Mahoney Time:  9:30 a.m. Place:  Dept. 302 |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | Date Action Filed:  September 12, 2006 Trial Date:  None Assigned |
| 22 | Respondents. | Attached Documents:  Doc Names |

23

24

25

26

27

28

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ ii

INTRODUCTION ....................................................................................................1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ..................................................3

I.     THE PROPOSED PROJECT. ............................................................................3

II.    AMENDMENT OF THE PLANNING CODE APPLICABLE TO NEW
CONSTRUCTION IN THE DOGPATCH HISTORIC DISTRICT. .........................4

III.   CITY REVIEW OF THE APPLICATION FOR CONSISTENCY WITH
APPENDIX L. ...............................................................................................5

IV.   ADMINISTRATIVE APPEALS OF THE PLANNING DEPARTMENT'S
ACTION. .......................................................................................................6

     A.    APPEAL OF THE REASSERTION OF PLANNING
DEPARTMENT JURISDICTION TO THE BUILDING
INSPECTION COMMISSION. .................................................................6

     B.    APPEAL OF THE ZA DETERMINATION TO THE BOARD OF
APPEALS. ...........................................................................................6

V.     COMMENCEMENT OF THE WRIT ACTION. ....................................................7

ARGUMENT ..........................................................................................................7

I.     LEGAL STANDARD. .......................................................................................7

II.    THE AMENDED PETITION FAILS TO STATE A CLAIM FOR WHICH
RELIEF CAN BE GRANTED. ..........................................................................7

     A.    Petitioner is Not Entitled to Issuance of A Permit in Violation of the
Planning Code. ....................................................................................8

     B.    Even if the Project Were in Compliance With the Planning Code,
Petitioner is Not Entitled to Issuance of a Permit as a Matter of Right. ....10

III.   THE AMENDED PETITION IS TIME BARRED PURSUANT TO
GOVERNMENT CODE SECTION 65009. ........................................................12

     A.    The Building Inspection Commission and Board of Appeals
Determinations are Subject to the Statute of Limitations Set Forth in
Government Code § 65009 ...................................................................12

     B.    Limitations Statutes On Actions Challenging Local Planning
Decisions Are Strictly Construed. .........................................................13

CONCLUSION ......................................................................................................14

MEMO IN SUPPORT OF CITY'S DEMURRER    CASE NO. CPF-06-506542    n:\land\li2007\070412\00025620.doc

# TABLE OF AUTHORITIES

**State Cases**

*Blank v. Kirwan*
(1985) 39 Cal.3d 311 ..............................................................................................14

*Ching v. San Francisco Bd. of Permit Appeals*
(1998) 60 Cal.App.4th 888 ....................................................................................13

*Dodd v. Citizens Bank of Costa Mesa*
(1990) 222 Cal.App.3d 1624 ...................................................................................7

*Guinnane v. San Francisco City Planning Commission*
(1989) 209 Cal.App.3d 732 ...................................................................................11

*Hensler v. City of Glendale*
(1994) 8 Cal.4th 1 ..................................................................................................13

*Land Waste Management v. Contra Costa Board of Supervisors*
(1990) 222 Cal. App.3d 950 .................................................................................1, 9

*Lindell Co. v. Board of Permit Appeals*
(1943) 23 Cal.2d 303 .........................................................................................11, 12

*Maginn v. City of Glendale*
(1999) 72 Cal.App.4th 1102 .................................................................................13

*Russian Hill Imp. Ass'n v. Board of Permit Appeals of City and County of San Francisco*
(1967) 66 Cal.2d 34 .........................................................................................2, 8, 9

*Selby Realty Co. v. City of San Buenaventura*
(1973) 10 Cal.3d 110 ......................................................................................8, 9, 10

*Travis v. County of Santa Cruz*
(2004) 33 Cal.4th 757 ...........................................................................................13

*Wagner v. City of South Pasadena*
(2000) 78 Cal.App.4th 943 .................................................................................13, 14

*Washington v. County of Contra Costa*
(1995) 38 Cal.App.4th 890 .....................................................................................7

*Wells Fargo Bank v. Town of Woodside*
(1983) 33 Cal.3d 379 ...........................................................................................8, 9

*West Coast Advertising v. City and County of San Francisco*
(1967) 256 Cal.App.2d 357 ................................................................................9, 10

*Wolfe v. State Farm & Casualty Insurance Co.*
(1996) 46 Cal.App.4th 554 .....................................................................................7

ii

**State Statutes & Codes**

California Code of Civil Procedure
§ 1013(a) ........................................................................................14

California Code of Civil Procedure
§ 1085 ............................................................................................12

California Code of Civil Procedure
§ 1094.5 .........................................................................................12

California Code of Civil Procedure
§ 430.10 ...........................................................................................7

California Code of Civil Procedure
§1094.6 ........................................................................................7, 12

California Code of Civl Procedure
§ 1109 ..............................................................................................7

California Government Code
§ 65009 .............................................................................6, 12, 13, 14

California Government Code
§ 65901 ...........................................................................................13

California Government Code
§ 65903 ...........................................................................................13

**San Francisco Statutes, Codes & Ordinances**

Planning Code
§1005 ................................................................................................4

San Francisco Building Code
§ 106.4.3 ...............................................................................1, 2, 6, 9

San Francisco Charter
§ 3.100 ...........................................................................................3, 7

San Francisco Municipal Code
Part II, Article 1, Section 26 ...............................................................2

San Francisco Planning Code
§ 1006 ...............................................................................................4

San Francisco Planning Code
§ 1006.2 ............................................................................................4

San Franicsco Business and Tax Regulation Code
§ 26 ................................................................................................11

iii

1    Respondent City and County of San Francisco (sued herein as the San Francisco Department

2  of Building Inspection, San Francisco Building Inspection Commission, San Francisco Planning

3  Department and San Francisco Board of Appeals; collectively "City") submits this memorandum of

4  points and authorities in support of its demurrer to the Amended Petition for Writ of Mandate …and

5  Writ of Administrative Mandamus ("Amended Petition"), filed herein on September 12, 2006.

6

7                              **INTRODUCTION**

8        In this action, Petitioner seeks an order from the Court compelling the City to issue a

9  building permit for a proposed four story, eight unit residential building with commercial units on

10  the ground floor ("Project"). Petitioner's property is located in the area designated as the Dogpatch

11  Historic District of San Francisco. The building permit application for the Project ("Application"),

12  initially filed in 1999, was then pursued sporadically by Petitioner over the next several years as his

13  personal circumstances permitted. Petitioner admits that the Planning Code was amended during

14  the protracted pendency of the Application, and now requires that all projects proposed for the

15  Dogpatch Historic District be reviewed for consistency with applicable Planning Code provisions

16  prior to issuance of the permit. Such review, which takes the form of a Certificate of

17  Appropriateness, was never sought or received by Petitioner. In fact, Petitioner argues that the

18  Project should not be required to comply with otherwise applicable changes in the Planning Code

19  that were enacted subsequent to the filing of its Application, but prior to final issuance of the

20  building permit. Petitioner's arguments are contrary to well-established law and, as a result, the

21  Amended Petition should be dismissed without leave to amend.

22        "Under established law local government agencies are *powerless* to issue land-use permits

23  which are inconsistent with governing legislation." (*Land Waste Management v. Contra Costa

24  Board of Supervisors* (1990) 222 Cal. App.3d 950 , 959 (italics in original).) This includes permits

25  that would be in violation of planning and zoning ordinances [*Id.*] Similarly, San Francisco

26  Building Code § 106.4.3 prohibits issuance of building permits that are not in conformity with the

27  Planning Code and all other applicable law. Any permit issued in violation of the Planning Code is

28  legally invalid and may be set aside as ultra vires. (*Land Waste Management, supra* 222 Cal App.

1

1  3d at 958.) As a result, it is a well-settled principle of administrative law that, until a permit is

2  finally granted, the Building and Planning Departments, and all administrative agencies and courts

3  considering a permit application, must apply the Planning Code in effect at the time of review.

4  Applying this principal, the California Supreme Court has long held that "one who is not yet armed

5  with a presently effective municipal license to proceed with construction must assume the risk that,

6  'before final action [has] been taken on [his] application' [citation omitted], the law might be

7  changed so as to require that his application be denied." (*Russian Hill Imp. Ass'n v. Board of Permit*

8  *Appeals of City and County of San Francisco* (1967) 66 Cal.2d 34, 40.)

9      Even in the absence of these authorities, the relief Petitioner seeks is not available, because

10  this Court cannot usurp the City's independent discretion and compel issuance or denial of a permit

11  that is the subject of such discretion. At most, the Court could order that the City *exercise its*

12  *discretion* and either grant or deny the permit, as provided by Part II, article 1, section 26 of the San

13  Francisco Municipal Code ("Section 26"), and render a decision to issue or deny the requested

14  permit.

15      Finally, each of Petitioner's claims is barred by the applicable statute of limitations. The

16  first cause of action challenges a decision by the City's Building Inspection Commission ("BIC"),

17  which concluded that the Planning Department had properly reasserted jurisdiction over the

18  Application prior to issuance of the building permit in order to review the Project for consistency

19  with provisions of the Planning Code adopted and effective in 2003. The BIC specifically

20  determined that the permit had not issued at the time that the Planning Department reasserted

21  jurisdiction to review the Project for conformity with the Planning Code. The BIC determination

22  effectively conditioned issuance of the Project permit on compliance with the Planning Code and all

23  other applicable law, as is required by San Francisco Building Code § 106.4.3. The second cause of

24  action challenges a decision by the San Francisco Board of Appeals ("BOA") upholding the Zoning

25  Administrator's request that the Department of Building Inspection ("DBI") route all future permits

26  and correspondence to the Planning Department, and notification of the Petitioner that the Project

27  would be reviewed for consistency with Planning Code provisions relating to the Dogpatch Historic

28

<div align="center">2</div>

1   District. Both of the challenged City actions stem from the City's application of Planning Code

2   Section 312, Article 10 and Appendix L to the Project.

3        Challenges to local planning decisions, to the reasonableness or legality of conditions

4   imposed on any permit, and to determinations by the Zoning Administrator and the BOA are all

5   governed by the 90-day statute of limitations set forth in Government Code § 65009(c). That

6   section provides that "no action or proceeding shall be maintained in [any such case] by any person

7   unless the action or proceeding is commenced *and service is made*" on the administrative agency

8   within 90 days after that body's decision (emphasis added). Here, the BIC's determination was final

9   as a matter of law on May 8, 2006, and the BOA decision was final on June 14, 2006. Although

10  Petitioner filed his original petition on August 4, 2006, Petitioner never served that petition on the

11  City. Instead, the First Amended Petition was filed on September 12, 2006, and was served on the

12  Mayor's Office in compliance with San Francisco Charter § 3.100 on September 27, 2006. This

13  service was effected 142 days after the BIC decision was final, and 105 days following the final

14  BOA decision. Section 65009 serves as an absolute jurisdictional bar to Petitioner's challenges to

15  the City's determinations.

16       For the reasons set forth herein, the Amended Petition should be dismissed in its entirety and

17  without leave to amend.

18                 **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

    **I.**       **THE PROPOSED PROJECT.**

19

20       The site of the proposed Project in this case is 1179-89 Tennessee Street (the "Property")

21  [Amended Petition at ¶1], located in the Dogpatch Historic District of the City. [*Id.* at ¶11 and Exh.

22  A, Exh. B ¶5.] Petitioner's predecessor in interest on the Property filed an application to construct a

23  four-story residential and commercial project on the site in 1999. [Amended Petition at ¶2.]

24  Thereafter, Petitioner rescinded its sales contract with the previous owner, and assumed all rights

25  and obligations under the Application in 2000. [*Id.*] Over the course of the next five years,

26  Petitioner pursued the Application sporadically, as his personal circumstances (including the death

27  of a family member) permitted. [*Id.* at ¶2 and Exh. B at p. 2, ¶2.] During that time, the Planning

28  Department reviewed and approved various aspects of the Project, including the addenda drawings.

1   [Amended Petition at ¶3.]  The Planning Department review of and revisions to the addenda

2   drawings continued through mid-November, 2005.  [*Id.*]

3   **II.**      **AMENDMENT OF THE PLANNING CODE APPLICABLE TO NEW**

4               **CONSTRUCTION IN THE DOGPATCH HISTORIC DISTRICT.**

5         In 2003, while the application was pending, the San Francisco Board of Supervisors adopted

6   legislation designating the Dogpatch Historic District and requiring review of all projects proposed

7   in the district for consistency with Appendix L (Dogpatch Historic District) to Article 10

8   (Preservation of Historical Architectural and Aesthetic Landmarks) of the Planning Code

9   ("Appendix L").  [*Id.* at ¶6.]  Article 10 requires, among other things, that

10
11            (a)  No person shall carry out or cause to be carried out on a designated landmark site or in a designated historic district any construction ... for which a City Permit is required, except in conformity with the provisions of this Article 10.  In addition, no such work shall take place unless all other

12            applicable laws and regulations have been complied with, and any required permit has been issued for said work.

13            ....

14            (c)  The Central Permit Bureau shall not issue, and no other City department or agency shall issue, any permit for construction ... in an Historic District,

15            except in conformity with the provisions of this Article 10.  In addition, no such permit shall be issued unless all other applicable laws and regulations

16            have been complied with.

17            ....

18            (e)  After receiving a permit application from the Central Permit Bureau in accordance with the preceding subsection, the [Planning] Department shall

19            ascertain whether Section 1006 requires a Certificate of Appropriateness for the work proposed in such permit application. ... *If such Certificate is*

20            *required and has not been issued, or if in the sole judgment of the Department the permit application does not conform, the permit application*

21            *shall be disapproved or held by the Department until such time as conformity does exit; the decision and action of the Department shall be final.*

22            ....

23   (Planning Code §1005, subs. (a), (c), and (e) (emphasis added).)  Section 1006 of the Planning Code,

24   in turn, requires a Certificate of Appropriateness in the case of "[a]ny construction ... for which a

25   City permit is required ... in a historic district."  (Planning Code §1006.)  Section 1006.2 provides

26   that the Planning Commission shall hold a public hearing on all applications for a Certificate of

27   Appropriateness.

28

<div align="center">4</div>

1    The Amended Petition and exhibits thereto reveal that Appendix L was effective as of April

2   18, 2003, and that the Planning Department had not completed its review of the application for

3   compliance with the revisions to the Planning Code relating to projects within the Dog Patch

4   Historic District as of December 2005.  [*See e.g.*, Amended Petition at Exhs. A-C.]

5   **III.    CITY REVIEW OF THE APPLICATION FOR CONSISTENCY WITH
        APPENDIX L.**

6

7    Petitioner admits that the reason for bringing the present action is to avoid what Petitioner

8   views as the inequitable requirement that the Project "obtain review and approvals" based on

9   Planning Code provisions adopted during the pendency of the Application [*id.* at ¶ 10], and that the

10   Project be in "compliance with later enacted procedural requirements." [*Id.* at ¶ 12.]  The Amended

11   Petition reveals that the Project has not been reviewed for compliance with Article 10 of the

12   Planning Code, Petitioner has not applied for or received the required Certificate of Appropriateness

13   and the 1999 Negative Declaration for the Project has not been reviewed for adequacy in light of the

14   subsequent identification of historic resources and delineation of a new historic district.  Instead,

15   Petitioner concedes that between November 14 and December 2, 2005, the Planning Department

16   concluded that it had not completed review of the Project for consistency with the standards set

17   forth in Appendix L, and reasserted jurisdiction over the permit application.  [*Id.* at ¶4; *see also*

18   Exh. A, Exh. B. at ¶5.]  Petitioner was notified of this determination by City personnel on

19   December 2, 2005, and again on January 5, 2006.  [*Id.* at ¶4 and Exh. A.]  On March 6, 2006, the

20   Zoning Administrator (ZA) formally requested that DBI "route any and all building permit

21   applications, renewals, extensions addendums, or revisions for the subject property to the Planning

22   Department for review," [*Id. at* Exh. C], explaining that the "Planning Department will review [the

23   Project application] for consistency with the Planning Code . . . including the adequacy of past

24   environmental reviews . . . and regulations of the Dogpatch Historical District within Article 10 of

25   the code."[*Id.*]

26

27

28

MEMO IN SUPPORT OF CITY'S DEMURRER    CASE NO. CPF-06-506542          n:\land\li2007\070412\00025620.doc

**IV.    ADMINISTRATIVE APPEALS OF THE PLANNING DEPARTMENT'S ACTION.**

    **A.    APPEAL OF THE REASSERTION OF PLANNING DEPARTMENT JURISDICTION TO THE BUILDING INSPECTION COMMISSION.**

In January 2006, Petitioner filed an appeal with the BIC challenging the Planning Department's reassertion of jurisdiction over the Application. [*Id*. at ¶ 9.] After a full hearing, the BIC denied the appeal. [*Id*.] Petitioner made a request for rehearing by the BIC, which was also denied. [*Id*.] The BIC adopted its findings supporting the decision and upholding the actions by Planning and DBI staff on May 1, 2006, specifically finding as follows:

> The Planning Department acted properly in reasserting its jurisdiction over the permit because, under San Francisco Building Code Section 106.4.3, a building permit issued in violation of the Planning Code – or any City Ordinance – would not be valid. The Planning Department is the City agency charged with determining whether building permits comply with the Planning Code.
>
> ....
>
> ...DBI's Central Permit Bureau never issued the site permit for the Project. No permit was delivered to the Appellant Carroll or his agent. Sign-offs by various City Departments on Appellant's final plans and other structural details that are needed before a permit can issue are not "issuance" of a permit.
>
> ....
>
> Because DBI's Central Permit Bureau did not yet issue a permit to Appellant Carroll, Appellant has no vested right to undertake the Project and DBI has no further jurisdiction pending Planning Department action on the matter.

[*Id*. at Exh. B, p. 2 at ¶6, p. 2-1 at ¶¶ 1-3.] The BIC served its written findings on Petitioner by mail on May 8, 2006. [*Id*. at ¶ 9.]

    **B.    APPEAL OF THE ZA DETERMINATION TO THE BOARD OF APPEALS.**

Petitioner appealed the ZA's request that documents relating to the Application be routed directly to the Planning Department to the BOA on March 21, 2006. [*Id*. at ¶22.] The BOA Agenda for the meeting provided notice that Government Code § 65009 would apply to any court challenges of determinations reached in the noticed hearings. [Request for Judicial Notice in Support of Demurrer ("RJN") at Exh. A.] After a hearing on May 17, 2006, the BOA denied the appeal and upheld the ZA determination. [*Id*. at ¶ 24] Petitioner's subsequent request for rehearing was heard and denied on June 14, 2006, and the BOA mailed its Notice of Decision and Order on June 16, 2006. [*Id*. at ¶24] The Notice of Decision and Order included written notice to Petitioner

6

1   that any court challenges to the BOA's determination would be governed by the statute of

2   limitations set forth in Code of Civil Procedure §1094.6. [*Id.*at Exh. D, p. 1.]

3   **V.   COMMENCEMENT OF THE WRIT ACTION.**

4

5        Petitioner filed an initial petition in this case on August 4, 2006. [*See* Amended Petition at

6   p. 1.] That petition was never served on the City. Instead, Petitioner filed its Amended Petition on

7   September 12, 2006. Summons was issued, and the Amended Petition served on the City through

8   the Office of the Mayor as required by San Francisco Charter § 3.100, on September 27, 2006. [*See*

9   RJN at Exh. B.]

10                                  **ARGUMENT**

11   **I.   LEGAL STANDARD.**

12        This Court applies Part Two of the Code of Civil Procedure, including the demurrer rule set

13   out in C.C.P. § 430.10, to writ actions brought under C.C.P. § 1094.5 (C.C.P. § 1109.) Section

14   430.10(e) of the Code allows a responding party to demur on grounds that "[t]he pleading does not

15   state facts sufficient to constitute a cause of action." "In determining if a [petition] is subject to

16   demurrer, the court considers not only the face of the complaint but any facts judicially noticed."

17   (*Washington v. County of Contra Costa* (1995) 38 Cal.App.4th 890, 895.) Facts appearing in

18   exhibits attached to the petition are also accepted as true. (*Dodd v. Citizens Bank of Costa Mesa*

19   (1990) 222 Cal.App.3d 1624, 1627.) Although the Court assumes the truth of all facts properly

20   pleaded, it "will not, however, assume the truth of contentions, deductions or conclusions of fact or

21   law … and may disregard allegations that are contrary to the law or to a fact of which judicial notice

22   may be taken." (*Wolfe v. State Farm & Casualty Insurance Co.* (1996) 46 Cal.App.4th 554, 560

23   [citation omitted].)

24   **II.   THE AMENDED PETITION FAILS TO STATE A CLAIM FOR WHICH RELIEF
         CAN BE GRANTED.**

25        Both claims set forth in the Amended Petition seek relief from compliance with the

26   requirements of Article 10 generally, and with Appendix L in particular, and from review of

27   previous environmental analysis under the California Environmental Quality Act ("CEQA") for

28

                                          7

1   adequacy in light of the subsequent identification of historic resources and delineation of a new

2   historic district in the Project area.  Petitioner offers the conclusory assertion that its "Application

3   was deemed complete and approved prior to the enactment of Appendix L and not subject to any

4   procedural requirements of Article 10." [Amended Petition at ¶7.]  Whether an application is

5   "complete" is not, however, relevant to a determination of which version of the Planning Code

6   applied to Petitioner's Application.  Petitioner further asserts that requiring the Project to comply

7   with changes in the Planning Code adopted subsequent to the filing of its Application would

8   "require Petitioner to go through further procedural hoops such as submitting a further application

9   for substantive reviews...." [*Id.* at ¶10.]  In other words, Petitioner wishes to avoid filing an

10  application for Certificate of Appropriateness as required by Article 10.  Finally, Petitioner objects

11  to an interpretation of the Planning Code that would require Petitioner to "obtain review and

12  approvals for the Project based on all newly adopted ordinances and requirements" adopted

13  between the filing of its Application and issuance of the final permit.  [*Id.*]  None of these

14  arguments support Petitioner's claims for relief.  Rather, the Amended Petition clearly evidences

15  that the Project is subject to the requirements of Article 10 and Appendix L, that the Project has not

16  received a Certificate of Appropriateness, and that this action must therefore be dismissed.

17          While Petitioner's Application has remained pending for roughly six years, that fact does not

18  excuse Petitioner from the long line of applicable legal authority requiring the Project to comply

19  with a change in law up to (and sometimes even after) the date on which the project permit is

20  issued.  Applying the current Planning Code to the Project at issue in this case mandates dismissal

21  of this action for failure to state a claim.

22      **A.      Petitioner is Not Entitled to Issuance of A Permit in Violation of the Planning
               Code.**

23

24          It is long settled law in this state that building projects must comply with the Planning Code

25  in effect at the time of permit issuance.  (*Wells Fargo Bank v. Town of Woodside* (1983) 33 Cal.3d

26  379; *Selby Realty Co. v. City of San Buenaventura* (1973) 10 Cal.3d 110; *Russian Hill Improvement

27  Assoc. v. Board of Permit Appeals* (1967) 66 Cal.2d 34.)  This rule extends even to changes in the

28  law adopted *after* initial administrative decision on a permit.

<div align="center">8</div>

> [T]he mere application for a building permit or the submission of plans which comply with the law in existence at the time of such submission do not entitle an applicant to the issuance of the permit if, in the interim between administrative denial of the permit and the appeal from that denial, an ordinance has been enacted which would prohibit the project contemplated.

(*Selby Realty Co.*, 10 Cal.3d at 125.) In fact, "even a permit which [has] achieved administrative finality can be revoked on the basis of a subsequent change in the zoning laws." (*West Coast Advertising v. City and County of San Francisco* (1967), 256 Cal.App.2d 357, 360.) This concept has been specifically applied to the decisions of San Francisco's Board of Appeals (formerly known as the Board of Permit Appeals) which, "in its *de novo* review is bound to apply the zoning ordinances in effect at the time of its final decision, not those in force at the time of preliminary proceedings before any subordinate agency." (*Russian Hill Improvement Assn.*, 66 Cal.3d at 46.) As a result, the Planning Department, the BIC and the BOA were each required to apply the Planning Code, including Article 10 and Appendix L, to the Project at the time of their respective reviews of the Application. If the permit had been issued without the required Certificate of Appropriateness and Planning Commission review, the permit would have been invalid as a matter of law. (S.F. Building Code § 106.4.3; *Land Waste Management, supra*, 222 Cal.App. 3d at 958.)[i]

Similarly, reviewing courts must apply the law in existence at the time of their decision, rather than at the time that a permit is issued or denied. (*Wells Fargo Bank*, 33 Cal.3d at 385; *Selby Realty Co.*, 10 Cal.3d at 110.)

> It is the prevailing rule that a reviewing court will apply the law in existence at the time of its decision rather than at the time the permit was denied. [cite.] The purpose of this rule is to prevent an appellate court from issuing orders for the construction of improvements contrary to presently existing legislative provisions. [Cite.] Indeed, even after a permit has been issued, it may be revoked by an administrative body on the basis of a subsequent change in the zoning laws unless the permitee has made substantial improvements in good faith reliance on the permit.

---

[1]  Building Code §106.4.3 provides:

> The issuance of a permit or approval of plans and specifications shall not be construed to be a permit for, or an approval of, any violation of the provisions of this code or of any other applicable laws and regulations. Permits presuming to give authority to violate or cancel the provisions of this code or other ordinances of the jurisdiction shall not be valid.

9

1   (*Selby Realty Co.*, 10 Cal.3d at 110.)  Where, as here, no permit has issued, there can be no

2   substantial reliance thereon to shield the Petitioner from the prevailing rule.  (*West Coast*

3   *Advertising v. City and County of San Francisco* (1967), 256 Cal.App.2d 357, 360.)  Nor can

4   Petitioner satisfy the only recognized exception to the rule, which is limited to cases where a

5   subsequent ordinance is enacted with the specific purpose of frustrating the developer's plan.  (*See*

6   *Selby Realty Co.*, 10 Cal.3d at 126, fn. 11.)  As a result, Petitioner is not entitled to issuance of the

7   permit he seeks as a matter of law.

8          "As stated in [*Landi v. County of Monterey* (1983) 139 Cal.App.3d 934,936-937], the grant

9   of a land-use permit or variance is an adjudicatory act, rather than a legislative one. [Citations.]

10  Adjudicatory decisions must be consistent with applicable land-use legislation. [Citations.] Thus,

11  local government entities cannot issue land-use permits that are inconsistent with controlling land-

12  use legislation, as embodied in zoning ordinances and general plans." (*Land Waste Management*,

13  *supra*, at 957-58.)  Instead, "a land-use permit which is inconsistent with existing zoning ordinances

14  can be issued by a responsible administrative entity only after the applicable ordinances have been

15  amended by the legislative process." (*Id.* at 959.)  In short, "[u]nder established law, local

16  government agencies are *powerless* to issue land-use permits which are inconsistent with governing

17  legislation." (*Id.* at 959, *citing Orinda Assn. v. Board of Supervisors* (1986) 182 Cal.App.3d 1145,

18  1161-1162, 1167-1169.)  This Court simply cannot grant Petitioner the relief he seeks—issuance of

19  a permit in violation of San Francisco's Planning and Building Codes.

      **B.    Even if the Project Were in Compliance With the Planning Code, Petitioner is**

20          **Not Entitled to Issuance of a Permit as a Matter of Right.**

21          In support of his claims herein, Petitioner asserts that the refusal of the Central Permit

22  Bureau to issue Petitioner a permit "was in excess of its jurisdiction as DBI had no discretion

23  regarding the delivery of the permit" [Amended Petition at 3:21-23], that Petitioner "had a vested

24  right to delivery of the permit upon compliance with the applicable codes and substantive

25  requirements thereof" [*id.* at 4:8-9], and that "delivery of the permit after it was approved as

26  complying with the substantive requirements of the Building and Planning Codes is a ministerial

27

28

                                              10

1  act." [*Id.* at 7:16-17.] Petitioner's claims misunderstand the nature of the permitting authority

2  granted to both the Building and Planning Departments of the City.

3       The discretionary nature of all permits issued by the City is well settled under California

4  law.  Section 26 governs issuance of all such permits, including those issued by DBI.  (*Guinnane v.*

5  *San Francisco City Planning Commission* (1989) 209 Cal.App.3d 732, 738 n.4.)  That Section

6  provides:

7         In the granting or denying of any permit, or the revoking or the refusing to
          revoke any permit, the granting or revoking power may take into
8         consideration the effect of the proposed business or calling upon surrounding
          property and upon its residents, and inhabitants thereof; and in granting or
9         denying said permit, or revoking or refusing to revoke a permit, may exercise
          its sound discretion as to whether said permit should be granted, transferred,
10        denied or revoked.

11  (S.F. Bus. & Tax. Reg. Code § 26.)  In 1943, the California Supreme Court held unequivocally that

12  Section 26 grants the City discretion over all permits: "[Section 26] is . . . comprehensive language

13  affecting the issuance of all permits sought under authority of the relevant San Francisco Charter

14  and ordinance provisions [that] in plain terms vests the granting power with a 'sound discretion'

15  generally." (*Lindell Co. v. Board of Permit Appeals* (1943) 23 Cal.2d 303, 311 [emphasis

16  original].)  Similarly, the Court of Appeals has repeatedly rejected arguments that the issuance of

17  permits in the City is a ministerial act.  In *Guinnane*, the court considered a building permit

18  applicant's contention—identical to the argument advanced here—that his building permit

19  application must be ministerially granted as long as it complied with the City's zoning and building

20  codes. (*Guinnane, supra* 209 Cal.App.3d at 737.)  The court found this argument "unsound" and

21  held that no permit issued by the City is ministerial because "the city, acting through the [San

22  Francisco] Planning Commission and the [San Francisco] Board of Permit Appeals, was

23  empowered to exercise discretionary review and to determine that the proposed residential

24  development was unsuitable for the indicated location." (*Id.* at pp. 737, 745.)

25       As a corollary to this longstanding principle, courts will not compel issuance of a permit that

26  is subject to such discretion.  In other words, the courts will not compel a *particular exercise* of

27  discretion, since it

28         would do violence to the language and history of section 26 for a court to
          usurp the City's discretion by concluding in advance of administrative review

                                                    11

1   that, as a matter of law, a particular permit application will not have an
    adverse effect on the public health, safety or general welfare. Absent the
2   exercise of section 26 administrative discretion, the issue of the limits of the
    City's section 26 powers over [a project] is not ripe for review.

3   (*Martin, supra* at 407.) This reasoning is consistent with the general rule that a writ of mandamus

4   cannot be employed to compel a public agency possessing discretionary power to act in a particular

5   manner. (*Lindell*, supra, at 315.) As a result, even if Petitioner could establish that his proposed

6   Project complies in all respects with applicable provisions of the Building and Planning Codes, this

7   Court cannot grant him the relief he seeks. "[W]hile circumventing the planning authorities in the

8   exercise of their section 26 discretion might be viewed as a concession to the shortness of life, it is

9   not one countenanced by the law." (*Martin, supra* at 407.)

10  **III.    THE AMENDED PETITION IS TIME BARRED PURSUANT TO GOVERNMENT
11          CODE SECTION 65009.**

        **A.      The Building Inspection Commission and Board of Appeals Determinations are
12              Subject to the Statute of Limitations Set Forth in Government Code § 65009**

13          Petitioner seeks peremptory writs overturning decisions by the BIC and the BOA pursuant to

14  Code of Civil Procedure §§ 1085 and 1094.5. [Amended Petition at 1.] The statute of limitations

15  applicable to these claims is set forth in Government Code § 65009, which applies a 90-day

16  limitations period to all claims challenging local planning decisions, Zoning Administrator

17  determinations, and all decisions of the BIC. Thus, under Government Code § 65009(c)(1),

18  Petitioner had 90 days following each of the two challenged decisions to file and serve a petition

19  attacking that decision. Although the BIC adopted its findings on May 1, 2006, and served those

20  findings on Petitioner on May 8, 2006 [Amended Petition at ¶ 9], Petitioner failed to serve its

21  original Petition on the City, filed its Amended Petition on September 12, 2006 (117 days after the

22  BIC determination became final), and first effected service on the City on September 27, 2006 (142

23  days after the BIC decision became final). [RJN at Exh B.] Similarly, the BOA decision became

24  final when that entity denied Petitioner's request for rehearing on June 14, 2006. (Code of Civ.

25  Proc. §1094.6(b.) The Agenda for the BOA hearing had contained written notice that any court

26  challenge to decisions made at such hearing would be subject to § 65009. [RJN at Exh. A.]

27  Similarly, the Notice of Decision and Order issued by the BOA provided notice that such court

28  challenge must be filed within the statutory period set forth in Code of Civil Procedure §1094.6.

                                            12

1    Despite these notices, the Amended Petition was not effectively served on the City as required by

2    the Charter until 105 days after the BOA decision became final.

3         Government Code Section 65009, subdivision (c)(1)(E), provides that the 90-day statute of

4    limitations applies to actions seeking "[t]o attack, review, set aside, void or annul any decision on

5    the matters listed in Sections 65901 and 65903, or to determine the reasonableness, legality, or

6    validity of any condition attached to a variance, conditional use permit, or any other permit."

7    Subdivision (c)(1)(F) similarly imposes a 90-day limitations period on "any of the proceedings,

8    acts, or determinations taken, done, or made prior to any of the decisions listed in [subparagraph

9    (E).] " Section 65901, in turn, applies to determinations by the City's Zoning Administrator (Gov't

10   Code § 65901), and §65903 applies to determinations by the City's Board of Appeals. (Gov't Code

11   §65903.) After the expiration of this time period, "all persons are barred from any further action or

12   proceeding." (Gov't Code § 65009(e); *Travis v. County of Santa Cruz* (2004) 33 Cal.4th 757, 765.)

13     **B.**    **Limitations Statutes On Actions Challenging Local Planning Decisions Are**
             **Strictly Construed.**

14

15        The purpose of Government Code § 65009 is "to provide certainty for property owners and

16   local governments regarding decisions made pursuant to this division." (Gov't Code § 65009(a)(3.)

17   A central aim of the Legislature in adopting § 65009 was to allow "governmental zoning decisions

18   ... to take effect quickly." (*Ching v. San Francisco Bd. of Permit Appeals* (1998) 60 Cal.App.4th

19   888, 893; *cf. Hensler v. City of Glendale* (1994) 8 Cal.4th 1, 7.) As the *Ching* court explained, the

20   90-day statute of limitations was enacted "to ensure that the validity of local public agency

21   decisions would be judicially determined as expeditiously as possible .... because any delay ... is

22   ultimately reflected in increased costs to the public." (*Ching, supra*, 60 Cal. App. 4th at 893.) By

23   enacting this short limitations period, the Legislature intended "to provide certainty for property

24   owners and local governments regarding [local zoning and planning decisions]." (Gov't Code §

25   65009 (a)(3.) In light of these policies, courts have held that the time limits of § 65009 are to be

26   strictly construed. (*Wagner v. City of South Pasadena* (2000) 78 Cal.App.4th 943, 950 [emphasis

27   added] [quoting *Maginn v. City of Glendale* (1999) 72 Cal.App.4th 1102, 1109].) Thus, "[T]he

28   courts have consistently enforced the 90-day limit." (*Ching, supra*, 60 Cal.App.4th at 893.)

1    Even a minor extension of § 65009's 90-day limitations period would impermissibly

2    undermine the statute's purpose of providing certainty for local government decisions. Thus, in

3    *Wagner, supra*, 78 Cal.App.4th 943, the Court of Appeal held that the five-day extension of time for

4    mail service found in Code of Civil Procedure § 1013(a) should not be applied to extend the time

5    for service of an action on a local government body under § 65009(c)(1). This was so in part

6    because even a five-day extension would have undermined "the ends of certainty and promptitude"

7    embodied by the 90-day limit. (*Wagner, supra*, 78 Cal.App.4th at 949.)

8    In this case, Petitioner filed its initial Petition on the City within 90 days of the BIC's

9    determination, but *never served that Petition on the City*. Petitioner then filed its Amended Petition

10   on the 117th day after the BIC decision became final, and on the 90th day after the BOA decision

11   became final. Petitioner finally served the Mayor's Office with summons and the Amended Petition

12   on September 27—142 days after the BIC decision became final, and 105 days after the BOA

13   decision became final. As a result, the Court should sustain the City's demurrer and, because

14   Petitioner cannot amend its Petition to demonstrate compliance with § 65009, Petitioner should not

15   be granted leave to amend. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [if there is no reasonable

16   probability a pleading defect can be cured by amendment, leave to amend should not be granted].)

17

18                                            **CONCLUSION**

19   For the foregoing reasons, the allegations of the Amended Petition including exhibits thereto,

20   and those facts of which this Court may take judicial notice, show that the claims for relief set forth in

21   the Amended Petition are untimely as a matter of law, and fail to state facts sufficient to constitute a

22   cause of action. On that basis, the City respectfully submits that its demurrer should be sustained

23   without leave to amend as to both claims for relief set forth in the Amended Petition.

24

25

26

27

28

MEMO IN SUPPORT OF CITY'S DEMURRER    CASE NO. CPF-06-506542    n:\land\li2007\070412\00025620.doc

Dated:  May 9, 2007

DENNIS J. HERRERA
City Attorney
KRISTEN A. JENSEN
THOMAS LAKRITZ
CHRISTINE VAN AKEN
Deputy City Attorneys

By: _____
KRISTEN A. JENSEN

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

15

## PROOF OF SERVICE

I, REYNA LOPEZ, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, City Hall, 1 Dr. Carlton B. Goodlett Place, Room 234, San Francisco, CA 94102.

On May 9, 2007, I served the following document(s):

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO AMENDED PETITION FOR WRIT OF MANDATE AND ADMINISTRATIVE MANDAMUS**

on the following persons at the locations specified:

Margaret A. Seltzer, Esq.
Seltzer Law Group
425 California Street, Nineteenth Floor
San Francisco, CA  94104-2296

in the manner indicated below:

☒ **BY UNITED STATES MAIL:** Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☐ **BY OVERNIGHT DELIVERY:** I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and delivery by overnight courier service. I am readily familiar with the practices of the San Francisco City Attorney's Office for sending overnight deliveries. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be collected by a courier the same day.

☐ **BY FACSIMILE:** Based on a written agreement of the parties to accept service by fax, I transmitted true and correct copies of the above document(s) via a facsimile machine at telephone number (415) 554-4757 to the persons and the fax numbers listed above. The fax transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine, and **a copy of the transmission report** ☐ **is attached or** ☐ **will be filed separately with the court.**

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed May 9, 2007, at San Francisco, California.

_____
REYNA LOPEZ

---

POS TO MEMO ISO OF DEMURRER          CASE NO.  CPF-06-506542          n:\land\li2007\070412\00025660.doc

# Exhibit 9

1  DENNIS J. HERRERA, State Bar #139669
    City Attorney
2  KRISTEN A. JENSEN, State Bar #130196
    THOMAS S. LAKRITZ, State Bar #161234
3  CHRISTINE VAN AKEN, State Bar #241755
    Deputy City Attorneys
4  City Hall, Room 234
    1 Dr. Carlton B. Goodlett Place
5  San Francisco, California 94102
    Telephone:  (415) 554-4615
6  Facsimile:   (415) 554-4757
    E-Mail:     kristen.jensen@sfgov.org

7

8  Attorneys for Respondent
    CITY AND COUNTY OF SAN FRANCISCO

9

ENDORSED
FILED
San Francisco County Superior Court

JUL 3 2007

GORDON PARK-LI, Clerk
BY BERNADETTE THOMPSON
Deputy Clerk

10

11         SUPERIOR COURT OF THE STATE OF CALIFORNIA

                COUNTY OF SAN FRANCISCO

12               UNLIMITED JURISDICTION

13

14  TRUST OF REGAN CARROLL,         Case No. CPF-06-506542
    REGAN CARROLL, TRUSTEE
15                    **REPLY MEMORANDUM IN**
          Petitioner,         **SUPPORT OF DEMURRER TO**
16                    **AMENDED PETITION FOR WRIT OF**
      vs.            **MANDATE AND ADMINISTRATIVE**
17                    **MANDAMUS**
    CITY AND COUNTY OF SAN
18  FRANCISCO DEPARTMENT OF       Hearing Date:  July 11, 2007
    BUILDING INSPECTION, CITY AND    Hearing Judge: Hon. Patrick J. Mahoney
19  COUNTY OF SAN FRANCISCO       Time:        9:30 a.m.
    BUILDING INSPECTION          Place:      Dept. 302
20  COMMISSION, CITY AND COUNTY
    OF SAN FRANCISCO PLANNING     Date Action Filed:    September 12, 2006
21  DEPARTMENT, CITY AND COUNTY   Trial Date:        None Assigned
    OF SAN FRANCISCO BOARD OF
22  APPEALS,

23         Respondents.

24

25

26

27

28

1    Respondent City submits this reply memorandum in support of its demurrer to the Amended

2    Petition for Writ of Mandate (etc.) ("Amended Petition"), filed herein on September 12, 2006.

3

**INTRODUCTION**

4

5    Petitioner's Opposition to Demurrer (etc.) ("Opposition") responds to the City's arguments

6    with a mixture of misstated facts, and a failure to address the fundamental legal defect that infects

7    the entire Amended Petition.  First, the Opposition repeatedly suggests that the City had already

8    "issued" the building permit for Petitioner's Project, then "snatched" it back when the Planning

9    Department determined that the Project did not comply with Article 10 and Appendix L of the

10   Planning Code related to building requirements in the Dogpatch Historic District.  [*See generally*

11   Opposition at 1-2.]  The Amended Petition itself reveals the fallacy of this assertion.  Specifically,

12   the exhibits to the Amended Petition clearly demonstrate that no permit was ever issued for the

13   Project.  [*Id.* at Exh. B.]  More revealing, however, is the Petitioner's failure to address head on the

14   fundamental legal flaw underlying each of the theories articulated in the Amended Petition:  the

15   permit Petitioner seeks would violate the Planning Code, and thus its issuance cannot be compelled

16   by this Court under any theory.

17        Petitioner never refutes the City's premise that:  "Under established law local government

18   agencies are *powerless* to issue land-use permits which are inconsistent with governing legislation."

19   (*Land Waste Management v. Contra Costa Board of Supervisors* (1990) 222 Cal.App.3d 950, 959

20   (italics in original).)  This rule extends to the courts, which leads to the well-settled principle of

21   administrative law that, until a permit is finally granted, the Building and Planning Departments,

22   and all administrative agencies and courts considering a permit application, must apply the Planning

23   Code in effect at the time of review.  Petitioner never addresses the fact that his entire Amended

24   Petition is resolved by reference to the line of cases including *Russian Hill Imp. Ass'n v. Board of*

25   *Permit Appeals of City and County of San Francisco* (1967) 66 Cal.2d 34, 40.

26        For the reasons set forth herein, the Amended Petition must be dismissed without leave to

27   amend.

28

REPLY MEMO ISO CITY'S DEMURRER    CASE NO. CPF-06-506542          n:\land\li2007\070412\00423203.doc

ARGUMENT

I.    **THE AMENDED PETITION IS TIME-BARRED PURSUANT TO GOVERNMENT CODE SECTION 65009.**

Contrary to Petitioner's assertions, both of the causes of action set forth in the Amended Petition are barred by the statute of limitations set forth in Government Code §65009. The first cause of action challenges a decision by the City's Building Inspection Commission ("BIC"), which concluded that the Planning Department had properly reasserted jurisdiction over the Application prior to issuance of the building permit in order to review the Project for consistency with provisions of the Planning Code adopted and effective in 2003. The BIC specifically determined that the permit had not issued at the time that the Planning Department reasserted jurisdiction to review the Project for conformity with the Planning Code. [Amended Complaint at Exh. B, Finding 1.] The BIC determination effectively conditioned issuance of the Project permit on compliance with the Planning Code and all other applicable law, as is required by San Francisco Building Code § 106.4.3. The second cause of action challenges a decision by the San Francisco Board of Appeals ("BOA") upholding the Zoning Administrator's request that the Department of Building Inspection ("DBI") route all future permits and correspondence to the Planning Department, and notification of the Petitioner that the Project would be reviewed for consistency with Planning Code provisions relating to the Dogpatch Historic District. Both of the challenged City actions stem from the City's application of Planning Code Section 312, Article 10 and Appendix L to the Project.

A.    **The First Cause of Action is Governed by the Statute of Limitations Set Forth in Government Code § 65009.**

Petitioner's Opposition Brief suggests that the first cause of action set forth in the Amended Petition is not subject to the statute of limitations set forth in Government Code §65009 because, the argument goes, "this is not a 1094.5 writ challenging the merits of an administrative decision" but rather "a 1085 writ that challenges the unlawful and irregular conduct of a City employee who acted without authority." [Opposition at 2:2-5.] In other words, Petitioner attempts to recast the claims set forth in the first cause of action as merely a claim to enforce a ministerial duty of the City. This attempt fails for several reasons. First, the allegations of the Amended Petition make clear that the first cause of action includes a challenge to the refusal of DBI to issue a building permit *as upheld*

2

1    *by the Building Inspection Commission's decision.* [Amended Petition at ¶¶ 6, 7, 9, 10,12, 14 and

2    Exhs. A, B.] This is precisely the "challenge to the merits of an administrative decision" that

3    Petitioner now disclaims in the Opposition. Second, as demonstrated in the City's Memorandum in

4    Support of this Demurrer and as discussed further in Section II.B, below, issuance of building

5    permits is simply not a ministerial act for which relief under Section 1085 is available. Finally,

6    whether the first cause of action seeks relief pursuant to Section 1085 or Section 1094.5 of the Code

7    of Civil Procedure is irrelevant for purposes of the statute of limitations imposed by Government

8    Code §65009. Rather, as noted by Petitioner, citing to *Honig v. City and County of San Francisco*

9    (2005) 127 Cal.App.4th 520), courts must look beneath the surface of a claim to determine whether,

10   at base, it is a challenge to the City's planning and zoning decisions. In this case, the gravamen of

11   the first cause of action is clearly a challenge to DBI's determination not to issue a building permit

12   because the Planning Department had determined that it did not comply with applicable provisions

13   of the Planning Code. This claim falls squarely within the limitations provisions of Government

14   Code §65009.

15       Government Code Section 65009, subdivision (c)(1)(E), provides that the 90-day statute of

16   limitations applies to actions seeking "[t]o attack, review, set aside, void or annul any decision on

17   the matters listed in Sections 65901 and 65903, or to determine the reasonableness, legality, or

18   validity of any condition attached to a variance, conditional use permit, or any other permit."

19   Subdivision (c)(1)(F) similarly imposes a 90-day limitations period on "any of the proceedings,

20   acts, or determinations taken, done, or made prior to any of the decisions listed in [subparagraph

21   (E).] " In this case, Petitioner objects because the City has refused to issue a building permit that

22   does not comply with the provisions of the Planning Code relating to the Dogpatch Historic District.

23   In other words, DBI conditioned issuance of the requested building permit on compliance with the

24   Planning Code.

25       As discussed at length in *Honig v. City and County of San Francisco*,

26           The short limitations period provided by Government Code section 65009,
             subdivision (c) serves the important legislative purpose of permitting the
27           rapid resolution of legal challenges to local *zoning and planning decisions.*
             [citation].

28

REPLY MEMO ISO CITY'S DEMURRER    CASE NO. CPF-06-506542          n:\land\li2007\070412\00423203.doc

1  (172 Cal.App.4th at 528 (*citing Travis v. County of Santa Cruz* (2004) 33 Cal.4th 757,

2  774)(emphasis added).)   In that case, the petitioner challenged the City's issuance of a building

3  permit, and the City argued that the claim was time-barred by § 65009.  Petitioner countered that

4  issuance of a building permit is not one of the matters listed in § 65009, and therefore the

5  limitations period provided in that section was not applicable.  The Court of Appeal disagreed,

6  holding that the petitioner's challenge to the building permit was, in effect a, challenge to the

7  underlying variance that was governed by the 90-day limitations period provided by §65009.  (172

8  Cal.App.4th at 528-29.)

9      In the present case, Petitioner's first cause of action challenges the BIC decision upholding

10  DBI's determination that the Planning Department had properly reasserted jurisdiction over the

11  Application because the Project did not comply with the Planning Code sections applicable to

12  construction in the Dogpatch Historic District.  [Amended Petition at ¶¶ 6, 7, 9, 10, 12, 14, and

13  Exhs. A, B.]  That determination is a "local planning decision" subject to §65009.  Because

14  Petitioner failed to serve its original Petition on the City, filed its Amended Petition on September

15  12, 2006 (117 days after the BIC determination became final), and first effected service on the City

16  on September 27, 2006 (142 days after the BIC decision became final), the first cause of action is

17  time-barred. [RJN at Exh. B.]

18      **B.**    **The Second Cause of Action is Governed by the Statute of Limitations Set Forth in Government Code § 65009.**

19      Petitioner concedes that the second cause of action, challenging a determination by the

20  Board of Appeals, is subject to the time limitations set forth in §65009.  [*E.g.*, Opposition at 4:4.]

21  This is because §65009, by incorporating §§ 65901 and 65903, clearly governs challenges to both

22  determinations by the Zoning Administrator and decisions of the City's Board of Appeals.  (*See*

23  Gov't Code § 65901; §65903 .)  After the expiration of this time period, "all persons are barred from

24  any further action or proceeding."  (Gov't Code § 65009(e); *Travis v. County of Santa Cruz* (2004)

25  33 Cal.4th 757, 765.)  Instead, Petitioner takes issue with the service requirements applicable in this

26  case.  Petitioner misstates the relationship between the City and its subordinate boards, commissions

27  and departments and, therefore, misconceives the requirements for serving the City with process.

28

REPLY MEMO ISO CITY'S DEMURRER    CASE NO. CPF-06-506542    n:\land\li2007\070412\00423203.doc

1    The City's Charter reflects that the Department of Building Inspection, the Building

2    Inspection Commission, the Zoning Administrator and the Board of Appeals are subsidiary or

3    subordinate entities within the City, rather that independent of the City. (*See, e.g.,* Charter§ 4.106

4    (Board of Appeals); §4.121 (Building Inspection Commission).)  While the Charter provides that

5    the City and County "may appear, sue and defend in all courts in all matters and proceedings," there

6    is no Charter provision providing these subordinate entities with the right to sue or be sued.  Only

7    the Mayor, in turn, is designated in the Charter to accept service of process on behalf of the City.

8    (Charter §3.100.)

9    Petitioner cites to two cases that are inapposite, and do not support his claim.  The first,

10   *Crumpler v. Board of Admin. Employees' Retirement System* (1973) 32 Cal.App.3d 567, involved a

11   claim against a board that was apparently not a subsidiary of the city that employed the plaintiffs.

12   "That proceeding being one for judicial review of the administrative decision of the board

13   approving reclassification of petitioners, the board was the only necessary and proper party." (*Id.* at

14   575.)  Similarly, the *Guillemin* case cited in the Opposition is inapposite.  In that case, the court

15   recited multiple definitions of "public entity" to illustrate that the term is defined *differently in*

16   *different statutory contexts* within the Government Code.  "Public agency" is a term that can be

17   reasonably interpreted to include a variety of public litigants.  And the Legislature has defined

18   public agency differently in Government Code statutes as a means of delineating the intended

19   coverage of the statute. (Cf. §§ 6500 [joint powers agreements], FN6 31478 [county employees

20   retirement law], FN7 53101 [local emergency telephone systems].)" (*Guillemin v. Stein* (2002) 104

21   Cal.App.4th 156, 165 fn. 7.)  None of the code sections referenced in that case applies to the present

22   action.

23   In this case, the proof of service demonstrates that the Amended Petition was served in

24   compliance with the Charter on September 27, 2006.  The BOA decision became final when that

25   entity denied Petitioner's request for rehearing on June 14, 2006. (Code of Civ. Proc. §1094.6(b.)

26   Through the Agenda for the BOA hearing and the Notice of Decision and Order issued after the

27   hearing, Petitioner was put on notice that any court challenge to decisions made at such hearing

28   would be subject to § 65009.  [RJN at Exh. A.]  Nonetheless, the Amended Petition was not

5

1  effectively served on the City as required by the Charter until 105 days after the BOA decision

2  became final. As a result, the second cause of action is also time-barred.

3  **II.    THE RELIEF SOUGHT BY THE AMENDED PETITION IS NOT AVAILABLE AS A MATTER OF LAW.**

4

5  **A.    This Court Must Review the Permit Application in Light of Article 10 and Appendix L of the City's Planning Code.**

6      "It is the 'prevailing rule[]' ... that, when an application for a building complied with the

7  requirements in effect when it was filed, but in the interim between the application and the appeal

8  from its denial, a new ordinance is enacted which would prohibit the development, 'a reviewing

9  court will apply the law in existence at the time of its decision rather than at the time the permit was

10  denied.'[Citation.] The purpose of the rule is to prevent an appellate court from issuing orders for

11  the construction of improvements contrary to presently existing legislative provisions." (*Wells*

12  *Fargo Bank v. Town of Woodside* (1983) 33 Cal.3d 379, 385 at fn.7 (citing *Selby Realty Co. v. City*

13  *of San Buenaventura* (1973) 10 Cal.3d 110, 125).) "The only recognized exception to this rule

14  applies to cases where a subsequent ordinance is enacted with the purpose of frustrating the

15  developer's plans." (*Id.* (citing *Selby Realty* at p. 126, fn. 11; *Atlantic Richfield Co. v. Board of*

16  *Supervisors* (1974) 40 Cal.App.3d 1059, 1063-1065).)

17      Petitioner does not assert that Article 10 of the Planning Code was adopted in 2003 for the

18  purpose of frustrating *his Project*. Nor could he. Since Article 10 of the Planning Code remains in

19  force today, this Court is bound to review the Application (and the relief requested in the Amended

20  Petition) in light of the requirements set forth in that article, including the requirement that the

21  Project obtain a Certificate of Appropriateness. (Planning Code § 1006.) Since the Amended

22  Petition reveals, and Petitioner's Opposition admits, that the Project has not obtained a Certificate of

23  Appropriateness [Amended Petition at ¶10, Exh. C; Opposition at 5:12-15], the Court must sustain

24  the City's Demurrer without leave to amend.

25      Similarly, Petitioner does not challenge the "prevailing rule," nor does he suggest that the

26  building permit he seeks would comply with Section 1006 of the Planning Code, or with Article 10,

27  Appendix L of that Code. Rather he concedes, as he must, that the law even permits revocation of

28  issued permits based on subsequent changes to the Planning Code. [Opposition at 4:22-26.] He also

1   concedes again that he has not obtained the Certificate of Appropriateness required by the Planning

2   Code for all construction in the City's historic districts. [Opposition at 12-13.] Nonetheless he

3   argues that in this case, "the proper administrative body did not revoke the permit" and, in any

4   event, that he is entitled to an exemption from this rule because he has made substantial

5   improvements in good faith reliance on the permit.  [Opposition at 4:27-5:3.] Finally, he argues—

6   without citation to authority—that Planning Code Section 1006, Article 10 and Appendix L are not

7   "a zoning ordinance." [Opposition at 12-14.] These arguments miss the mark in every respect.

8          As to Petitioner's first argument, the Amended Petition and its exhibits reveal that no permit

9   was ever issued for his Project. [Amended Petition at Exh. C, Finding 1.] As a consequence, such

10   permit has not been "revoked" by the Planning Department.

11          Second, the law is clear that the "vested rights" exception that Petitioner hopes to rely on

12   does not apply where *no permit has issued*.  Rather, where no permit has issued, there can be no

13   substantial reliance to shield the Petitioner from the prevailing rule. (*West Coast Advertising v. City

14   and County of San Francisco* (1967) 256 Cal.App.2d 357, 360.)

15          Finally, Petitioner's third and most confusing argument—that the Planning Code Sections

16   governing construction in historic districts generally, and the Dogpatch Historic District in

17   particular, are not "zoning ordinance[s]"—also fails. Article 10 of the Planning Code regulates the

18   uses that may be made of sites located within designated historic districts.  [*See, e.g.*, Planning Code

19   §§ 1001, 1005, 1006.] Any project proposed for such a site that has not obtained a Certificate of

20   Appropriateness may not be constructed in the District. [Planning Code §1005.]  The fact that

21   restrictions placed on construction in such districts are focused on the historic character of existing

22   structures within the designated districts—or what Petitioner refers to as "aesthetics"—does not

23   render those requirements elective. Article 10 was adopted to further the following goals:

24              It is hereby found that structures, sites and areas of special character or
                special historical, architectural or aesthetic interest or value have been and
25              continue to be unnecessarily destroyed or impaired, despite the feasibility of
                preserving them. It is further found that the prevention of such needless
26              destruction and impairment is essential to the health, safety and general
                welfare of the public. The purpose of this legislation is to promote the health,
27              safety and general welfare of the public....

7

1  (Planning Code §1001.)  Such goals are recognized to be well within the reach of the government's

2  zoning authority and, in fact, the United States Supreme Court has found that

3              We do not sit to determine whether a particular housing project is or is not
             desirable. The concept of the public welfare is broad and inclusive. . . . The
4              values it represents are spiritual as well as physical, aesthetic as well as
             monetary. It is within the power of the legislature to determine that the
5              community should be beautiful as well as healthy, spacious as well as clean,
             well-balanced as well as carefully patrolled.

6

7  (*Village of Belle Terre v. Boraas* (1974) 416 U.S. 1, 6.)

8        Nor does Petitioner's citation to the case of *Martin v. City and County of San*

9  *Francisco* aid in his cause.  Petitioner cites the *Martin* case for the proposition that Article

10  10 of the Planning Code does not regulate the interiors of structures in designated historic

11  districts. [Opposition at 5:21-22.]  But Petitioner offers no insight into the relevance of that

12  observation.  No citation to case law is offered to suggest that planning, zoning and land use

13  regulations aimed at preserving the historic character of neighborhoods are somehow

14  excluded from the "prevailing rule" articulated above.  Nor is the City aware of any case

15  supporting such a counter-intuitive proposition.  Similarly, the bald assertion that "zoning

16

17  laws regulate the interior of proposed structures, not just the facades" is also unsupported

18  and insupportable.  Rather than bolstering these assertions, the *Martin* court explained

19  emphatically that "[w]ithout question, the preservation of San Francisco's architectural

20  history is an important policy goal," a goal that is expressly addressed by Article 10.

21

22  (*Martin v. City and County of San Francisco* (2005) 135 Cal.App.4th 392, 405.)

23       **B.     Issuance of Building Permits is a Discretionary Act Not Susceptible to Relief
             Pursuant to Code of Civil Procedure §1085.**

24

25        Petitioner's Opposition concedes that Section 26 of the Business & Taxation Regulation

Code gives the City discretion to issue or deny building permits.  [Opposition at 6:2-3.]  The

Opposition then suggests, without supporting facts or law, that refusal to issue a permit until

Planning Department review for compliance with applicable sections of the City's Landmark

8

1    Preservation ordinances is an abuse of that discretion. As noted above and in the City's moving

2    papers, the broad provisions of §26 prohibit this Court from granting the relief sought in the

3    Amended Petition.

4         In particular, writ relief pursuant to Code of Civil Procedure §1085 is not available to

5    compel the City to perform a discretionary act. A traditional writ of mandate under §1085 is

6    available to compel the respondent to perform a *ministerial duty* in cases where the petitioner has a

7    clear, present and beneficial right to performance. (*Conlan v. Bonta* (2002) 102 Cal.App.4[th] 745,

8    748; *Unnamed Physician v. Board of Trustees* (2001) 93 Cal.App.4[th] 607, 618.) Plaintiff cannot

9    allege that the City has a ministerial duty to issue, deny or rescind a building permit. Rather, the

10   case law makes clear that issuance of building permits in the City is a discretionary—not a

11   ministerial—act. Plaintiff's claim for relief pursuant to Code of Civil Procedure §1085 must

12   therefore fail as a matter of law.

13        The discretionary nature of all permits issued by the City is well settled under

14   California law, and is discussed at length in the City's moving papers. [*See* Memorandum in

15   Support at 10:21-12:9.] Absent the exercise of the City's discretion (that is, before a decision has

16   been made whether to issue or deny a permit), Code of Civil Procedure §1094.5 similarly does not

17   provide Petitioner with a vehicle for the relief sought in this case. Simply put, courts will not

18   compel issuance, denial or rescission of a permit that is subject to such discretion. In other words,

19   the courts will not compel a *particular exercise* of discretion, since it

20        would do violence to the language and history of section 26 for a court to
     usurp the City's discretion by concluding in advance of administrative review
21        that, as a matter of law, a particular permit application will not have an
     adverse effect on the public health, safety or general welfare.

22   (*Martin* at 407.) This reasoning is consistent with the general rule that a writ of mandamus cannot

23   be employed to compel a public agency possessing discretionary power to act in a particular

24   manner. (*Lindell*, supra, at 315.) "[W]hile circumventing the planning authorities in the exercise of

25   their section 26 discretion might be viewed as a concession to the shortness of life, it is not one

     countenanced by the law." (*Martin, supra* at 407.)

The Amended Petition discloses that the City had not issued or denied the requested building permit at the time the BOA and BIC decisions were rendered. This Court is simply not empowered to exercise the discretion vested in the City and order that the permit be issued.

## III.    PETITIONER SHOULD BE DENIED LEAVE TO AMEND.

Petitioner has offered the Court no basis on which to grant leave to amend, and therefore the Demurrer should be denied without leave. The only additional "facts" offered by Petitioner go to the issue of whether Petitioner has expended substantial sums in reliance on the permit for his Project. [Opposition at 5:1-3.] Such "facts," however, would not save the Amended Petition even if true. This is because the Amended Petition clearly reveals that *no permit was issued* in this case. Where no permit has issued, the "vested rights" exception set forth in *Selby Realty*, cited above, cannot apply.

### CONCLUSION

For the foregoing reasons and those set forth in the City's moving papers, the allegations of the Amended Petition including exhibits thereto, and those facts of which this Court may take judicial notice, show that the claims for relief set forth in the Amended Petition are untimely as a matter of law, and fail to state facts sufficient to constitute a cause of action. On that basis, the City respectfully submits that its demurrer should be sustained without leave to amend as to both claims for relief set forth in the Amended Petition.

Dated: July 3, 2007

DENNIS J. HERRERA
City Attorney
KRISTEN A. JENSEN
THOMAS LAKRITZ
CHRISTINE VAN AKEN
Deputy City Attorneys

By: KRISTEN A. JENSEN

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

REPLY MEMO ISO CITY'S DEMURRER    CASE NO. CPF-06-506542    n:\land\li2007\070412\00423203.doc

**PROOF OF SERVICE**

I, REYNA LOPEZ, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, City Hall, 1 Dr. Carlton B. Goodlett Place, Room 234, San Francisco, CA 94102.

On July 3, 2007, I served the following document(s):

**REPLY MEMORANDUM IN SUPPORT OF DEMURRER TO AMENDED PETITION FOR WRIT OF MANDATE AND ADMINISTRATIVE MANDAMUS**

on the following persons at the locations specified:

Andrew M. Zacks, Esq.
ZACKS UTRECHT & LEADBETTER, PC
235 Montgomery Street, Suite 400
San Francisco, CA 94104
Telephone: (415) 956-8100

in the manner indicated below:

☒ **BY UNITED STATES MAIL:** Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☐ **BY PERSONAL SERVICE:** I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service. A declaration from the messenger who made the delivery ☐ is attached or ☐ will be filed separately with the court. (Susan Zemsky, Esq.)

☐ **BY OVERNIGHT DELIVERY:** I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and delivery by overnight courier service. I am readily familiar with the practices of the San Francisco City Attorney's Office for sending overnight deliveries. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be collected by a courier the same day.

☐ **BY FACSIMILE:** Based on a written agreement of the parties to accept service by fax, I transmitted true and correct copies of the above document(s) via a facsimile machine at telephone number (415) 554-4757 to the persons and the fax numbers listed above. The fax transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine, and **a copy of the transmission report** ☐ is attached or ☐ **will be filed separately with the court.**

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed July 3, 2007, at San Francisco, California.

_Reyna Lopez_
REYNA LOPEZ

---

POS to REPLY MEMO ISO CITY'S DEMURRER   CASE NO. CPF-06-506542        n:\land\li2007\070412\00423203.doc

# Exhibit 10

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| James B. Kraus, SBN 184118 | 415-956-8100 | |

Zacks, Utrecht & Leadbetter, PC
235 Montgomery Street, Suite 400
San Francisco, CA 94104

ATTORNEY FOR (Name): Plaintiff Regan Carroll Trust

Insert name of court and name of judicial district and branch court, if any:
San Francisco Superior Court
Unlimited Civil Jurisdiction

PLAINTIFF/PETITIONER: Regan Carroll Trust, Regan
Carroll, trustee,
DEFENDANT/RESPONDENT: City and County of San
Francisco, San Francisco Board of Appeals,

**REQUEST FOR DISMISSAL**

☐ Personal Injury, Property Damage, or Wrongful Death
  ☐ Motor Vehicle   ☐ Other
☐ Family Law
☐ Eminent Domain
☒ Other (specify): Petition for Writ of Mandate

CASE NUMBER:
506542

- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -

1. TO THE CLERK: Please **dismiss** this action as follows:

  a. (1) ☐ With prejudice   (2) ☒ Without prejudice

  b. (1) ☒ Complaint   (2) ☒ Petition
    (3) ☐ Cross-complaint filed by (name):        on (date):
    (4) ☐ Cross-complaint filed by (name):        on (date):
    (5) ☐ Entire action of all parties and all causes of action
    (6) ☐ Other (specify):*

Date: 07/05/07

James B. Kraus, SBN 184118
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

                          (SIGNATURE)
Attorney or party without attorney for:

\* If dismissal requested is of specified parties only or specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

☐ Plaintiff/Petitioner   ☐ Defendant/Respondent
☐ Cross - complainant

2. TO THE CLERK: Consent to the above dismissal is hereby given.**

Date:

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

                          (SIGNATURE)
Attorney or party without attorney for:

\*\* If a cross-complaint or Response (Family Law) seeking affirmative relief is on file, the attorney for cross-complainant (respondent) must sign this consent consent if required by Code of Civil Procedure section 581(i) or (j).

☐ Plaintiff/Petitioner   ☐ Defendant/Respondent
☐ Cross - complainant

(To be completed by clerk)
3. ☐ Dismissal entered as requested on (date):
4. ☐ Dismissal entered on (date):     as to only (name):
5. ☐ Dismissal **not entered** as requested for the following reasons (specify):

  ☐ a. Attorney or party without attorney notified on (date):
     b. Attorney or party without attorney not notified. Filing party failed to provide
     ☐ a copy to conform   ☐ means to return conformed copy

Clerk, by _____, Deputy

Page 1 of 1

Form Adopted for Mandatory use
Judicial Council of California
CIV-110 [Rev. January 1, 2007]

**REQUEST FOR DISMISSAL**

Legal
Solutions
Plus

Code of Civil Procedure, § 581 et seq.;
Cal. Rules of Court, rule 3.1390

POS-040

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Andrew M. Zacks (SBN 147794)
Zacks, Utrecht & Leadbetter, PC
235 Montgomery Street, Suite 400
San Francisco, CA 94104

TELEPHONE NO.: 415-956-8100    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Trust of Regan Carroll

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Unlimited Civil Jurisdiction

PETITIONER/PLAINTIFF: Trust of Regan Carroll, Regan Carroll Trustee
RESPONDENT/DEFENDANT: City and County of San Francisco, et al.

| CASE NUMBER: |
|---|
| 506542 |

## PROOF OF SERVICE—CIVIL

**Check method of service** (only one):

| | | | |
|---|---|---|---|
| ☐ By Personal Service | ☒ By Mail | ☐ By Overnight Delivery | JUDGE: |
| ☐ By Messenger Service | ☐ By Facsimile | ☐ By E-Mail/Electronic Transmission | DEPT.: |

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. At the time of service I was over 18 years of age and **not a party to this action.**

2. My address is *(specify one):*

   a. ☒ Business: 235 Montgomery St. Suite 400 b. ☐ Residence:
   San Francisco, CA 94104

3. On *(date):* 07/05/07    I served the following **documents** *(specify):* Request for Dismissal

   ☐ The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).

4. I served the documents on the **persons** below, as follows:

   a. Name of person served: Kristin Jensen, Esq.

   b. Address of person served: City Attorneys Office, City Hall, Room 234, 1 Dr. Carlton B. Goodlett Place, San Francisco, CA 94102

   c. Fax number or e-mail address of person served, if service was by fax or e-mail:

   d. Time of service, if personal service was used:

   ☐ The names, addresses, and other applicable information about the persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

The documents were served by the following means *(specify):*

   ☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed in item **4**.
   (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

| ...ed for Optional Use ...ncil of California ...ew January 1, 2005] | **PROOF OF SERVICE—CIVIL** (Proof of Service) | Legal Solutions Plus | Code of Civ. Proc., §§ 1011, 1013, 1013a, 2015.5 |
|---|---|---|---|

| CASE NAME Trust of Regan Carroll v. CCSF | CASE NUMBER:<br>506542 |
|---|---|

5 b. [X]  **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one)*:

    (1) [ ]  deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    (2) [X]  placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state)*:

  c. [ ]  **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

  d. [ ]  **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

  e. [ ]  **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 4. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

  f. [ ]  **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed in item 4. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 07/05/07

Ingrid M. Karlsson
    (TYPE OR PRINT NAME OF DECLARANT)

▶ _____
    (SIGNATURE OF DECLARANT)

*(If item 5d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

### DECLARATION OF MESSENGER

[ ]  **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
    (NAME OF DECLARANT)

▶ _____
    (SIGNATURE OF DECLARANT)

[New January 1, 2005]

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

# Exhibit 11

structures or (2) alterations that involve a substantial increase in the envelope of an existing building or structure, to be peer reviewed for structural integrity and effect on hillside stability. The requirements herein for projects in the Northwest Mt. Sutro Slope Protection Area are in addition to all other applicable laws and regulations, including any and all requirements for environmental review under the California Environmental Quality Act; compliance with the requirements contained herein does not excuse a project sponsor from compliance with any other applicable laws and regulations.

**106.4.1.3.3** Mandatory review by Structural Advisory Committee and other City officials. All permit applications submitted to the Central Permit Bureau for construction of new buildings or structures or alterations that involve a substantial increase in the envelope of an existing building or structure (as determined by the Director) within the Northwest Mt. Sutro Slope Protection Area shall be submitted to and reviewed by the Structural Advisory Committee, as defined by Building Code Section 105.6. No permits for such properties located within the Northwest Mt. Sutro Slope Protection Area shall be issued unless and until the Director has consulted with and received a written communication from representatives of the Department of Planning, Department of Public Works and Fire Department, each of whom has made a visit to the site for which the project is proposed, and the Director has received a written report from the Structural Advisory Committee concerning the safety and integrity of the proposed design and construction. As part of its review, the Structural Advisory Committee shall consider the effect that construction activity related to the proposed project will have on the safety and stability of the Northwest Mt. Sutro Slope Protection Area.

**106.4.1.3.4** Mandatory denial by Director. In the event that the Structural Advisory Committee determines that there is a reasonable likelihood that the proposed design and construction would result in unsafe conditions or would increase the

likelihood of hillside instability, and such unsafe conditions or instability cannot be mitigated to the satisfaction of the Structural Advisory Committee, the Director shall deny the permit. The Director's decision to deny the permit is appealable only to the Board of Appeals.

*Section 106.4.2. Replace this section with the following:*

**106.4.2** Retention of approved construction documents. One set of approved construction documents shall be provided to the party obtaining the permit. The owner shall be responsible for keeping these documents on the building site at all times and making them available for inspection and use by the inspector during such construction until final inspection has been made; failure to do so shall result in stoppage of work. The approved construction documents shall not be changed, modified or altered without authorization from the Director; all work shall be done in accordance with these documents.

One set of approved construction documents for all building permits shall be retained by the Department in reproducible form as public records.

*Section 106.4.3. Revise this section as follows:*

**106.4.3** Validity of permit. The issuance of a permit or approval of plans and specifications shall not be construed to be a permit for, or an approval of, any violation of any of the provisions of this code or of any other applicable laws and regulations. Permits presuming to give authority to violate or cancel the

provisions of this code or other ordinances of the jurisdiction shall not be valid.

The issuance of a permit based on plans, specifications and other data shall not prevent the **Director** from thereafter requiring the correction of errors in said plans, specifications and other data, or from preventing building operations being carried on thereunder when in violation of this code or other applicable laws and regulations.

*Section 106.4.4. Replace this section with the following:*

**106.4.4  Expiration.** Every permit issued by the Director under the provisions of this code, unless an extension of time has been specifically approved by the Director, shall expire by limitation and become null and void when the time allowed in Table A is reached, or when any of the following circumstances is applicable: [Amended 10-7-2003 by Ord. No. 245-03]

1.  If the building or work authorized by such permit is not started within 90 days from the date of such permit, except for site permits with a valuation of $2,500,000 or more and Director-initiated code compliance permits.

2.  For site permits with a valuation of $2,500,000 or more, the work shall start within 18 months or half the time period specified in Table A, whichever is the greater amount of time.

3.  For Director-initiated code compliance permits, the work shall start within 30 days from the date of such permit.

4.  If the building or work authorized is suspended or abandoned at any time after the work has started, for a period as follows:

4.1  Thirty days for Director-initiated code compliance permits.

4.2  Ninety days for all other permits.

5.  An extension of time from the stated periods may be permitted for good reason, provided such requests for an extension are submitted to the Chief Building Inspector in writing prior to the end of the time period accompanied by payment of a fee. Unless approved by the Director, no more than three extensions of time may be granted. Any inspections performed during the extended portion of the life of the permit will require payment of inspection fees in addition to the extension of time shall not exceed the following time periods:

5.1  One hundred eighty days for site permits with a valuation of $2,500,000 or more.

5.2  Thirty days for Director-initiated code compliance permits with a valuation of less than $25,000.

5.3  Ninety days for all other permits. The maximum time allowed for Director-initiated code compliance permits shall be 12 months for all permits exceeding $25,000 total valuation.

EXCEPTION:  See Table 16B-A - Program Implementation Schedule - Footnotes 2 and 3.

6.  A demolition permit shall expire 180 days after issuance. Only one extension of time of 90 days shall be granted upon written request to the Director.

7.  The Director may administratively authorize the processing of applications involving compliance actions initiated by the Department, in a manner other than set forth in this code, so as to effect said compliance most expeditiously; provided, however, that due process is assured all applicants. In this regard, the Director may reduce the time periods set forth in this section as they apply to a second application and permit required by the Director to effect full compliance with this code and other applicable laws and regulations if by doing so code compliance would be more expeditiously accomplished.

**Exhibit 12**

NOTIFICATION TO ADJOINING PROPERTY OWNERS

APPEAL NO.  06-200

| BLOCK | LOT | SUBJECT PROPERTY | OWNER |
|-------|-----|------------------|-------|
| 4172 | 53 | 1189 Tennessee St. | Regan Carroll Trust  (Appellant)<br>721 San Bruno Avenue<br>San Francisco, CA 94107 |

AJOINING PROPERTY

| | | | |
|-------|-----|------------------|-------|
| | 41 | 1169 Tennessee St. | 1169-1177 Tennessee St., Inc.<br>1155 Tennessee St.<br>SF, CA 94107 |
| | 25 | 1193 Tennessee St. | Thomas Lundbergetal<br>237 Rose Ave.<br>Mill Valley, CA 94941 |
| | 38<br>39<br>54 | 2572 Third St.<br>2576 Third St.<br>2580 Third St. | 2572-80 Third St. LLC<br>1608 Irving St.<br>SF, CA 94122 |

--------------------------------------------------------------------
Attorney for Appellant: Thomas Lippe, 329 Bryant St., #3D, SF, CA 94107. Tel: 777-5600
Fax: 777-9809.


--------------------------------------------------------------------

Feb. 14, 2007: Upon motion by Comm. Fung, the Board voted 4-0-1
               (Pres. Knox absent) to reschedule the matter to
               March 7, 2007.

March 21, 2007:     Request for Rehearing will be considered by the Board of Appeals
                    at its regular meeting of April 4, 2007.

April 4, 2007:      Upon motion by Comm. Fung, Board voted 4-0-1 (Haaland
                    absent) to continue for one year to be heard on April 2
                    2008.



Post Cards Mailed _____12/29/06_____

Index Cards Filed _____12/29/06_____

Letter Notices Mailed _____12/28/06_____    Notice sent to departments and appellant.