1  ANDREW M. ZACKS (SBN 147794)
   JAMES B. KRAUS (SBN 184118)
2  ZACKS UTRECHT & LEADBETTER, P.C.
3  235 Montgomery Street, Suite 400
   San Francisco, CA 94104
4  (415) 956-8100

5  Attorneys for: Plaintiff Regan Carroll Trust

6              UNITED STATES DISTRICT COURT

7              NORTHERN DISTRICT OF CALIFORNIA

8                     SAN FRANCISCO

9

10 REGAN CARROLL TRUST, Regan    )   ACTION NO: C-07-2577 SBA
   Carroll, trustee,             )
11                               )   FIRST AMENDED COMPLAINT
                                 )   FOR INJUNCTIVE RELIEF AND
12         Plaintiff,            )   DAMAGES FOR VIOLATION OF
                                 )   CIVIL RIGHTS
13    v.                         )
                                 )
14 CITY AND COUNTY OF SAN        )   [28 U.S.C. § 1983]
15 FRANCISCO, SAN FRANCISCO      )
   DEPARTMENT OF BUILDING        )   DEMAND FOR JURY TRIAL
16 INSPECTION, SAN FRANCISCO     )
   BUILDING INSPECTION           )
17 COMMISSION, SAN FRANCISCO     )
18 PLANNING DEPARTMENT           )
                                 )
19         Defendants.           )
                                 )
20 _____)

21
22
23
24
25
26
27
28

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, in that the controversy arises under the United States Constitution and under 42 U.S.C. §§ 1983. Venue is proper pursuant to 28 U.S.C. § 1391(a) in that all defendants reside in this judicial district and the events giving rise to the claims occurred in this district.

2. Plaintiff Regan Carroll Trust is a private trust established in the state of California. Regan Carroll is its trustee.

3. Regan Carroll Trust owns the real property located at 1179-1189 Tennessee Street (the "Property"), in San Francisco, California.

4. Defendant City and County of San Francisco ("City") is an incorporated municipality of the State of California. Defendants San Francisco Department of Building Inspection ("DBI"), San Francisco Building Inspection Commission ("BIC"), and San Francisco Planning Department ("Planning") are divisions of defendant City.

## STATEMENT OF FACTS

5. In or around March 2000, Plaintiff succeeded to a building permit application to the City for a four-story mixed use commercial/residential building ("Project") on the Property, BPA No. 9902819 ("Application"). Plaintiff's predecessor-in-interest had been directed by Planning to review the project with the Dogpatch Neighborhood Association ("DNA") to obtain the review of and approval for the Project because Planning had ceded and delegated its governmental authority

to that private body.[1] This delegation of power is similar to that in <u>Schulz v. Milne</u> (N.D. Cal. 1994) 849 F.Supp. 708 in which this Court found the City's delegation of land use power to another San Francisco neighborhood group (Bernal Heights, not far from Dogpatch) violated the United States Constitution. Upon succeeding to the Application, Plaintiff also met with DNA for the purpose of obtaining its approval.

6. Planning refused to determine whether the Application was complete unless DNA approved it. However, because DNA would neither approve nor disapprove the Application, Plaintiff had to insist Planning do its job.

7. The Application was finally determined to be complete by Planning in June 2001. After the Application was deemed complete, Planning caused a notice to be posted and mailed in accordance with Section 311 of the Planning Code commencing the 30 day appeal period. DNA made no objections during the Planning Commission comment period that expired on July 26, 2001. Planning approved the Application on August 7, 2001. Planning approved the site permit on September 10, 2002. This constituted the end of the discretionary approval process.

8. During the next three years the addenda drawings were routed to various departments of the City for ministerial review and approval, revisions were made, and all necessary approvals were given. Having received all approvals, the Central Permit Bureau ("CPB") sent Plaintiff a notice that the permit was ready to be

---

[1] Dogpatch is a little-known, but powerful and politically-connected neighborhood on the eastern side of San Francisco.

picked up subject only to the condition of payment of school facilities fee.

9. Upon presentation of the certificate of payment for the school facilities fee, CPB had a mandatory duty to deliver the permit to Plaintiff.

10. On December 2, 2005, Plaintiff presented the Certificate of Payment of School Facility Fees ("Certificate") issued by the San Francisco Unified School District evidencing his payment of school fees of $20,282.36 to the CPB, but was advised by the CPB staff that the permit and addenda drawings had been removed from the CPB by Moses Corrette of Planning after business hours and he would have to speak with Corrette. Plaintiff was not told the circumstances of or the authority under which Corrette allegedly removed the drawings, but believes it to be under mysterious and aberrant circumstances – Corrette was not the planner assigned to the Project, had not been involved in the approval process, and removed the drawings from CPB after being contacted by a member of DNA.

11. Corrette had been intimately involved with DNA and its members during the process that ultimately resulted in the creation of the Dogpatch Planning Historical District.

12. The Certificate was not accepted and the permit was not delivered to Plaintiff as promised and as required upon receipt of proof of payment of the school facility fees.

13. The action by Corrette was in excess of his own authority as a planner not involved in the project approval process. It was also in excess of the power of the Planning Department itself.

14. Plaintiff discovered that the mysterious and aberrant circumstances consisted of ex parte contacts and undue influence by certain members of the DNA on public officials, and more particularly on Corrette. Unbeknownst to Plaintiff, the permit and addenda drawings were removed from CPB late at night, in a manner reminiscent of Watergate, and taken back to Planning. Plaintiff was never notified of Moses Corrette's action, although this occurred several weeks prior to the presentation of the Certificate by Plaintiff. CPB's refusal to deliver the permit to Plaintiff upon proof of payment of the school facilities fees was in excess of its jurisdiction and in violation of its ministerial duty as DBI had no discretion regarding the delivery of the permit.

15. Contrary to Plaintiff's vested right to the permit, DBI and Planning contrived various meritless reasons for withholding it, including non-substantive changes to the Planning Code enacted after Plaintiff's right vested. They engaged in unreasonable, arbitrary, and capricious conduct, without any rational basis, and singled Plaintiff out for special handling by order of DNA as a result of the power the City had unlawfully delegated to it.

**COUNT ONE AGAINST ALL DEFENDANTS**
**VIOLATION OF 42. U.S.C. § 1983 BY**
**UNLAWFUL DELEGATION OF POWER**

16. Plaintiff incorporates by reference paragraphs 1-15.

17. Defendants have de facto delegated municipal regulatory decision-making authority to a private entity – DNA – in violation of the due process clause of the Fourteenth Amendment to the United States Constitution. As a result, DNA has

acted under the color of state law and there is such a nexus between Defendants and DNA that the action of the DNA can be considered and treated as the actions of Defendants.

18. Furthermore, this delegation of power to DNA was done without supplying standards to govern the use of private discretion. DNA wields his influence against those it disfavors and for those it favors.

19. Defendants act as a rubber stamp for the decisions and demands of DNA, thus constituting an unlawful delegation of power to the detriment and harm of Plaintiff because he is disfavored by DNA. Had Defendants not delegated their power to DNA, his status as being disfavored by DNA would not have affected his right to permit issuance.

### COUNT TWO AGAINST ALL DEFENDANTS
### VIOLATION OF 42. U.S.C. § 1983
### BY VIOLATION OF EQUAL PROTECTION

20. Plaintiff incorporates by reference paragraphs 1-15.

21. Defendants' delegation of governmental power to DNA is irrational, arbitrary and capricious.

22. Any proffered rational basis by Defendants for their conduct is a pretext.

23. DNA used the delegation of power to abuse Plaintiff's rights to due process of the law in his permit application. The City knew or should have known that DNA would abuse the power delegated to it by the City and would not act in accordance with standards that would have been applicable to the City.

24. By unlawfully delegating City power to DNA, without standards or oversight, Defendants have deprived Plaintiff of the equal protection of the law in violation of the Fourteenth Amendment to the United States Constitution.

**COUNT THREE AGAINST ALL DEFENDANTS**
**VIOLATION OF U.S. CONSTITUTION, AMENDMENT I**
**RETALIATION FOR EXERCISING FIRST AMENDMENT RIGHT**

25. Plaintiff incorporates by reference paragraphs 1-15.

26. Plaintiff engaged in a protected First Amendment activity by filing this action and other state court actions against Defendants.

27. Plaintiff is informed and believes and thereon alleges that Defendants, in retaliation for Plaintiff filing this action and other actions against Defendants in state court, are intentionally delaying and continue to delay the processing of the Application for this Project as well as are intentionally delaying and continue to delay the processing of matters related to other real property owned by Plaintiff.

28. Plaintiff is further informed and believes and thereon alleges that the delays in processing of the Application for this Project and other matters related to other real property owned by Plaintiff would not have occurred had Plaintiff not filed this action and/or the state court actions.

**PRAYER**

By reason of the foregoing acts, the Plaintiff prays the Court:

1. Enjoin the unlawful acts of the Defendants, specifically:

   a. To enjoin the Defendants from unlawfully delegating their authority to DNA or anyone else;

        b.      To enjoin the Defendants from refusing to issue qualified permits;

2. For an award of damages in the amount of $5,000,000;

3. For an award of attorney's fees as allowed by law; and

4. For any other relief that the Court deems just and proper.

Date: October 30, 2007

        ZACKS UTRECHT & LEADBETTER, P.C.
        235 Montgomery Street, Suite 400
        San Francisco, CA 94104

By: _____
    ANDREW M. ZACKS
    Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

Date: October 30, 2007

        ZACKS UTRECHT & LEADBETTER, P.C.
        235 Montgomery Street, Suite 400
        San Francisco, CA 94104

By: _____
    ANDREW M. ZACKS
    Attorneys for Plaintiff