1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  KRISTEN A. JENSEN, State Bar #130196
   THOMAS S. LAKRITZ, State Bar #161234
3  CHRISTINE VAN AKEN, State Bar #241755
   Deputy City Attorneys
4  City Hall, Room 234
   1 Dr. Carlton B. Goodlett Place
5  San Francisco, California 94102
   Telephone:   (415) 554-4615
6  Facsimile:   (415) 554-4757
   E-Mail:      kristen.jensen@sfgov.org

8  Attorneys for Defendant
   CITY AND COUNTY OF SAN FRANCISCO
9  (Including SAN FRANCISCO DEPARTMENT OF BUILDING
   INSPECTION, SAN FRANCISCO BUILDING
10 INSPECTION COMMISSION, and
   SAN FRANCISCO PLANNING DEPARTMENT)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| REGAN CARROLL TRUST, Regan Carroll, Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO DEPARTMENT OF BUILDING INSPECTION, SAN FRANCISCO BUILDING INSPECTION COMMISSION, and SAN FRANCISCO PLANNING DEPARTMENT,<br><br>Defendants. | Case No. C-07-2577 SBA<br><br>**CITY'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM, TO STRIKE THIRD COUNT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**<br>[FRCP 12(B)(1); 12(B)(6); 12(F); 56]<br><br>Hearing Date:  February 5, 2008<br>Time:          1:00 p.m.<br>Place:         Courtroom 3, 3rd Floor<br><br>Trial Date:    TBA |
|---|---|

PLEASE TAKE NOTICE that on February 5, 2008 at 1:00 p.m., or as soon thereafter as the matter may be heard in the above-entitled court, located at 1301 Clay Street, Courtroom 3, 3rd Floor, Oakland, California, Defendant City and County of San Francisco (sued herein as the City and

County of San Francisco, San Francisco Department of Building Inspection, San Francisco Building Inspection Commission, and San Francisco Planning Department; collectively "City") will and hereby does move the Court to dismiss the First Amended Complaint ("Complaint") filed in this action pursuant to FRCP 12(b)1), 12 (b)(6) or, in the alternative, for summary judgment pursuant to FRCP 56. This motion is made on the grounds that the Complaint fails to state a claim for which relief can be granted, and some or all of the claims set forth in the Complaint are not ripe for review.

This motion is made on the following grounds:

The Complaint fails to state a claim for relief pursuant to 42 U.S.C. §1983 in that Plaintiff has failed to allege *facts* establishing (1) acts by the defendants (2) under color of state law (3) depriv[ed][it] of federal rights, privileges or immunities [and] (4) caus[ed][it] damage. Moreover, the court must apply the highly deferential "rational basis" standard of review to Plaintiff's claims. Because the proposed project did not comply with existing local law at the time Plaintiff sought its issuance, the City's refusal to issue the requested permit was rationally based.

Plaintiff's claims are also barred on the basis of *res judicata* and collateral estoppel, because Plaintiff failed to seek state judicial relief from the administrative decisions it now challenges, and those determinations must now be accorded preclusive effect. In addition, Plaintiff's §1983 claims are barred by the statute of limitations, since those claims are premised on alleged actions by the City that Plaintiff claims occurred prior to June, 2001.

Alternatively, the Complaint sets forth claims which are not ripe for review, since the Complaint does not allege that the City has taken final action with respect to Plaintiff's building permit application. In fact, at Plaintiff's request, the City's Board of Appeals continued the hearing of Plaintiff's claims relating to the City's denial of a building permit for one year, and has taken no further action thereon.

Plaintiff's newly added Third Count, based on alleged retaliatory delays in processing Plaintiff's permit application since the filing of this and other lawsuits against the City, fails for the same reasons set forth above. Additionally, the permit application for Plaintiff's property was disapproved—at Plaintiff's request—in December 2006. Plaintiff has not submitted an application for

certificate of appropriateness, or otherwise attempted to recommence the processing of that permit application. Similarly, City records reflect that all permit applications associated with Plaintiff's other property (located at 1169 Tennessee Street) that were pending at any time on or since the date of Plaintiff's first state court petition have been issued by the City. The Court need not accept as true the unsupported conclusions of the Complaint in light of these judicially noticeable facts to the contrary.

Finally, the newly alleged "Third Count" should be stricken. The allegations contained in Paragraphs 25-28 of the First Amended Complaint includes alleged conduct by the City "in retaliation for Plaintiff filing this action." As such, the new count amounts to a supplemental, rather than amended pleading. Such pleadings require leave of court, which was not sought in this case.

The motion to dismiss is made based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed in this action, the City's request for judicial notice in support of the motion, the pleadings and papers on file with this Court, and such other matters as may be presented to the Court at the time of hearing.

Dated: December 14, 2007

        DENNIS J. HERRERA
        City Attorney
        KRISTEN A. JENSEN
        THOMAS S. LAKRITZ
        CHRISTINE VAN AKEN
        Deputy City Attorneys

        By: /s/
        KRISTEN A. JENSEN

        Attorneys for Defendant
        CITY AND COUNTY OF SAN FRANCISCO