DENNIS J. HERRERA, State Bar #139669
City Attorney
KRISTEN A. JENSEN, State Bar #130196
THOMAS S. LAKRITZ, State Bar #161234
CHRISTINE VAN AKEN, State Bar #241755
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102
Telephone:     (415) 554-4615
Facsimile:     (415) 554-4757
E-Mail:        kristen.jensen@sfgov.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO
(Including SAN FRANCISCO DEPARTMENT OF BUILDING
INSPECTION, SAN FRANCISCO BUILDING
INSPECTION COMMISSION, and
SAN FRANCISCO PLANNING DEPARTMENT)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| REGAN CARROLL TRUST, Regan Carroll, Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO DEPARTMENT OF BUILDING INSPECTION, SAN FRANCISCO BUILDING INSPECTION COMMISSION, and SAN FRANCISCO PLANNING DEPARTMENT,<br><br>Defendants. | Case No. C-07-2577 SBA<br><br>**ORDER GRANTING CITY'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM, AND TO STRIKE THIRD COUNT**<br><br>Hearing Date:   February 5, 2008<br>Time:           1:00 p.m.<br>Place:          Courtroom 3, 3rd Floor<br><br>Trial Date:     TBA |

Defendant City and County of San Francisco's (sued herein as the City and County of San Francisco, San Francisco Department of Building Inspection, San Francisco Building Inspection Commission, and San Francisco Planning Department; collectively "City") motion to dismiss the First Amended Complaint ("Complaint") pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules

of Procedure came on before this Court, Andrea Rosenthal appearing for plaintiff, and Kristen A. Jensen, Deputy City Attorney, appearing for Defendants.  Having read and considered the arguments presented by the parties in their papers at the hearing and all other matters presented to the Court, the Court hereby GRANTS Defendants' Motion to Dismiss, GRANTS the motion to strike the Third Count of the Complaint and GRANTS the Defendants' request for judicial notice.

## Rule 12(b)(6)

To prevail on its claims under §1983, Plaintiff must show that "(1) acts by the defendants (2) under color of state law (3) depriv[ed][it] of federal rights, privileges or immunities [and] (4) caus[ed][it] damage." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005)(*citing Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Id*.  Accordingly, Plaintiff must establish that the City's alleged actions deprived it of some right, privilege or immunity protected by the Constitution or laws of the United States.  Plaintiff has failed to allege such a deprivation, and the §1983 claims must therefore fail.

The federal courts have repeatedly recognized that a local agency's compliance with its own land use regulations does not present an interest protected under § 1983.  These cases take the view that local zoning and land use disputes represent an area "upon which the federal courts ought not to enter unless no alternative to its adjudication is open." *Rancho Palos Verdes Corp. v. City of Laguna Beach*, 547 F.2d 1092, 1094 (9th Cir. 1976).  *Cf, San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1105 (9th Cir. 1998)(9th Circuit has "consistently held that land use planning is a sensitive area of social policy that meets the first requirement for Pullman abstention" (citations omitted).)  With this in mind, the Court reviews this dispute concerning a disappointed building permit applicant.

Federal courts were not created to be "the Grand Mufti of local zoning boards," *Hoehne v. County of San Benito*, 870 F.2d 529, 532 (9th Cir. 1989), nor do they "sit as [ ] super zoning board[s] or [ ] zoning board[s] of appeals." *Raskiewicz v. Town of New Boston*, 754 F.2d 38, 44 (1st Cir.), *cert. denied*, 474 U.S. 845 (1985).  "While the Supreme Court has yet to provide precise analysis

concerning claims of this sort, we feel confident that where, as here, the state offers a panoply of administrative and judicial remedies, litigants may not ordinarily obtain federal court review of local zoning and planning disputes by means of 42 U.S.C. §1983." *Id*.  Resort to §1983 to resolve such inherently local disputes is, therefore, disfavored, and the courts have specifically rejected attempts like the one at bar to create a constitutional question out of a local agency's decision on a development application.  *Chiplin Enterprises, Inc. v. City of Lebanon*, 712 F.2d 1524, 1528 (1st Cir. 1983) (where planning board, after granting preliminary approval to a development project, denied a building permit for the project, court found that "[a] mere bad faith refusal to follow state law in such local administrative matters simply does not amount to a deprivation of due process where the state courts are available to the correct error"); *Chongris v. Board of Appeals of Town of Andover*, 811 F.2d 36, 42-43 (1st Cir.), *cert. denied*, 483 U.S. 1021 (1987); *Sucesion Suarez v. Gelabert*, 701 F.2d 231, 233 (1st Cir. 1983); *Creative Environments v. Estabrook*, 680 F.2d 822, 829-30, 832 n. 9 (1st Cir.), *cert. denied*, 459 U.S. 989 (1982)("[P]roperty is not denied without due process simply because a local planning board rejects a proposed development for erroneous reasons or makes demands which arguably exceed its authority under the relevant state statutes."); *Couf v. DeBlaker*, 652 F.2d 585, 590 n. 11 (5th Cir. 1981), *cert. denied*, 455 U.S. 921 (1982).  In these cases, "[e]ven where state officials have allegedly violated state law or administrative procedures, such violations do not ordinarily rise to the level of a constitutional deprivation."  *PFZ Properties, Inc., v. Rodriguez*, 928 F.2d 28, 31, (1st Cir. 1991), *cert. granted* 502 U.S. 956, *cert. denied as improvidently granted*, 503 U.S. 257 (1992).

The present case presents an inherently local dispute whose resolution turns on the interpretation of state, rather than federal law.  Plaintiff has failed to state a claim implicating federal statutory or constitutional rights.

### Equal Protection

In order to establish a class-of-one equal protection violation based upon the alleged discriminatory application of a facially nondiscriminatory law, in a case that does not involve a suspect class or a fundamental right, a plaintiff must prove that (1) it was treated differently from persons or entities similarly situated; (2) the unequal treatment was intentional; and (3) the unequal

treatment was not rationally related to a legitimate government purpose. *Village of Willowbrook v. Olech,* 528 U.S. 562 (2000) (per curiam). In fact, the Planning Code sections cited in support of the City's refusal to issue the requested building permit are facially nondiscriminatory, and the Complaint provides no facts from which the Court may conclude that the Plaintiff was singled out for unequal treatment by the Defendants. As a result, the Court must apply the highly deferential rationality standard to determine whether the City's actions withstand judicial scrutiny. *See Armendariz v. Penman,* 75 F.3d 1311, 1326 n. 11 (9th Cir. 1996). The record before the Court establishes that the City's actions were, in fact, rationally related to the City's interest in upholding its Planning and Building Codes.

California law is well settled that building projects must comply with the local law in effect at the time of permit issuance. *Wells Fargo Bank v. Town of Woodside,* 33 Cal.3d 379 (1983); *Selby Realty Co. v. City of San Buenaventura,* 10 Cal.3d 110 (1973); *Russian Hill Improvement Assoc. v. Board of Permit Appeals,* 66 Cal.2d 34 (1967). "[E]ven a permit which [has] achieved administrative finality can be revoked on the basis of a subsequent change in the zoning laws." *West Coast Advertising v. City and County of San Francisco,* 256 Cal.App.2d 357, 360 (1967). This concept has been specifically applied to the decisions of San Francisco's Board of Appeals which, "in its de novo review is bound to apply the zoning ordinances in effect at the time of its final decision, not those in force at the time of preliminary proceedings before any subordinate agency." *Russian Hill Improvement Assn.*, 66 Cal.3d at 46. As a result, the City's decision makers were required to apply the Planning Code, as amended, to the Plaintiff's project at the time of their respective reviews of the Application. If the permit had been issued without the required Planning Code review, the permit would have been invalid as a matter of law. S.F. Building Code § 106.4.3; Land Waste Management, supra, 222 Cal.App. 3d at 958.

Similarly, this court must apply the law in existence at the time of the present decision, rather than at the time that a permit is issued or denied. *Wells Fargo Bank*, 33 Cal.3d at 385; *Selby Realty Co.*, 10 Cal.3d at 110.

> It is the prevailing rule that a reviewing court will apply the law in existence at the time of its decision rather than at the time the permit was denied. [cite.] The purpose of this rule is to prevent an appellate court from issuing orders for

> the construction of improvements contrary to presently existing legislative provisions. [Cite.] Indeed, even after a permit has been issued, it may be revoked by an administrative body on the basis of a subsequent change in the zoning laws unless the permitee has made substantial improvements in good faith reliance on the permit.

*Selby Realty Co.*, 10 Cal.3d at 110. Where, as here, no permit has issued, there can be no substantial reliance thereon to shield the Plaintiff from the prevailing rule. *West Coast Advertising,* 256 Cal.App.2d at 360. Nor can Plaintiff satisfy the only recognized exception to the rule, which is limited to cases where a subsequent ordinance is enacted with the specific purpose of frustrating the developer's plan. *See Selby Realty Co.*, 10 Cal.3d at 126, fn. 11. As a result, Plaintiff is not entitled to issuance of the permit he seeks as a matter of law.

### Unlawful Delegation

Plaintiff relies on the case of *Schulz v. Milne*, 849 F.Supp. 708 (N.C. Cal. 1994) for the proposition that conduct of the Planning Department constituted an unlawful delegation of power to a private body. [Complaint at ¶ 5.] The facts alleged in the Complaint are distinguishable from those presented in that case. In the *Schulz* case, the plaintiffs alleged that the City had delegated authority to review project plans and approve permit applications to a neighborhood review board by adoption of a resolution of the Planning Commission. *Id*. at 710, 712-13. Pursuant to that delegation, the city repeatedly required them to submit plans to the board and informed them that they would have to "satisfy" the board before the city would take any action on the permit application. *Id*. at 712. The court concluded that, for purposes of a motion to dismiss, the Schulz's had alleged enough facts to create an inference that the city had unlawfully delegated its decision-making authority to the board. *Id*. at 713.

In the present case, Plaintiff does not allege that the City adopted any resolution or ordinance requiring review and approval by the Dogpatch Neighborhood association, or that the City ever required the Plaintiff to submit to such a review. Rather, the complaint suggests t that the City had directed a previous owner to "review the project" with the association. After initial discussions between the Plaintiff and the neighborhood association, the building permit application was apparently processed with no further input from the association for the next four years, during which

ORDER GRANTING CITY'S MOTION TO DISMISS, CASE NO. C-07-2577 SBA

5

the City reviewed and approved various aspects of the Application, the project was revised, and various approvals were given by the City.

During that same period, the Planning Code was revised to designate the Dogpatch Neighborhood as an historic district, and to require that all projects in that neighborhood be submitted to review by the Planning Department for consistency with the provisions of the code applicable to such districts.  The Complaint concedes that the neighborhood was designated as an historic district, but characterizes the City's application of the Planning Code provisions in effect in 2005 as "unreasonable, arbitrary, and capricious conduct, without any rational basis", inferring that the City enforced the law in existence at that time "by order of [the association]."  These allegations are insufficient to establish even an inference that the City merely "rubber-stamped" the decisions of the neighborhood association.  Rather, the allegations make plain that the neighborhood association did not interfere in any way with the City's determination of the merits of Plaintiff's Application, and in fact did not express any views as to the Application at all after June of 2001.

As in the case of *Kay v. Placer* County, 219 Fed.Appx. 679 (9th Cir. 2007)[1], Plaintiff has failed to convert this local land use dispute into a federal claim by alleging unlawful delegation.  "The extent to which state actors may delegate government functions is, in the first instance, a question of state law.  Even if federal law is implicated, the complaint does no more than state the legal conclusion that an unlawful delegation occurred. That conclusion is contradicted by the facts alleged in the complaint," which indicate that the City did not delegate its decision-making authority to the Dogpatch Neighborhood Association. *Id*. at 681.  Rather, the Complaint confirms that the City, and not the neighborhood association, reviewed and approved various aspects of Plaintiff's Application over the period from 1999-2005.

**Statute of Limitations**

Both the first and second count of the Complaint rely on the City's alleged "unlawful delegation" of authority to the Dogpatch Neighborhood Association as a basis for relief under §1983.

---

[1] Pursuant to Federal Rule of App. Proc. 32.1 and Ninth Circuit Rule 36-3, a copy of that decision is attached hereto.

However, the only act of delegation alleged in the Complaint is the Planning Department's alleged refusal to deem Plaintiff's application "complete" until the association had "approved" the project. The Complaint does not allege that the City directed Plaintiff to seek approval from the association. Rather, the only City conduct alleged in support of the delegation theory is that "Planning refused to determine whether the Application was complete unless DNA approved it." However, the Complaint also alleges that "[t]he Application was finally determined to be complete by Planning in June 2001." Thus, according to the Complaint, the final act reflecting the alleged delegation occurred in June 2001. Accordingly, the statute of limitations on these claims ran in June, 2002.

"For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions...." *Wilson v. Garcia*, 471 U.S. 261,271-72, 276, (1985); *Jones v. Blanas* 393 F.3d 918, 927 (9th Cir. 2004). In June of 2002, the statute of limitations for personal injury actions was 1 year. *See* former Code of Civil Proc. §340. On January 1,2003, Code of Civil Procedure § 335.1 became law, extending the prior limitations period applicable to personal injury actions (and correspondingly to federal civil rights claims) from one year to two years. *See* Cal. Code Civ.Proc. § 335.1. Plaintiff does not benefit from this new two-year statute of limitations. Rather, since its claims herein accrued before January 1, 2003, the one-year statute governs. *See Krusesky v. Baugh*, 138 Cal.App.3d 562, 188 Cal.Rptr. 57, (1982) ("[S]tatute[s] [are] presumed to be prospective only and will not be applied retroactively unless such intention clearly applies in the language of the statute itself."); *see also Landgraf v. USI Film Products*, 511 U.S. 244, 265-66 (1994) ("[T]he 'principle that the legal effect of conduct should ordinarily be assessed under the law that existed when the conduct took place has timeless and universal appeal.'").

Even if Plaintiff could establish prohibited delegation of authority under *Schulz,* its claims are time-barred.

### *Res Judicata*

In order to challenge a decision of an administrative agency, a plaintiff must demonstrate that he has exhausted all available administrative procedures – including all available administrative appeals of an agency's decision. *Coachella Valley Mosquito & Vector Control Dist. v. California Public Employment Relations Bd.,* 35 Cal.4th 1072, 1080 (2005). "In brief, the rule is that where an

administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act." *Abelleira v. District Court of Appeal,* 17 Cal.2d 280, 292 (1941).  In addition to exhausting administrative remedies, a plaintiff must also exhaust judicial remedies.  "[J]udicial review of any decision of a local agency . . . may be had pursuant to Code of Civil Procedure section 1094.5, only if the petition for writ of mandate pursuant to such section is filed . . . not later than the 90th day following the date on which the decision becomes final."  Code Civ. Proc. § 1094.6, subd. (b).  The California Supreme Court has held that "unless a party to a quasi-judicial proceeding challenges the agency's adverse findings made in that proceeding, by means of a mandate action in superior court, those findings are binding in later civil actions." *Johnson v. City of Loma Linda* (2000) 24 Cal.4th 61, 69-70.  "Exhaustion of judicial remedies . . . is necessary to avoid giving binding effect to the administrative agency's decision, because the decision has achieved finality due to the aggrieved party's failure to pursue the exclusive remedy for reviewing administrative action."  *Ibid.; see also City and County of San Francisco v. Ang* (1979) 97 Cal.App.3d 673, 677 – 679.

In this case, Plaintiff filed and then dismissed a writ action in the Superior Court challenging the City's refusal to issue the requested permit.  Having failed to see the writ proceeding to a conclusion on the merits, Plaintiff has failed to exhaust state judicial remedies for the conduct complained of here.  Moreover, Plaintiff is now barred by state law from refiling such claims in the Superior Court.  Cal. Gov't Code §65009.  As a result, Plaintiff cannot cure this defect.

### Ripeness

Finally, to the extent that any of Plaintiff's claims are deemed to challenge the City's refusal to issue a building permit (rather than the alleged unlawful delegation to a neighborhood association), such claims are unripe for adjudication.  Suits for equal protection are subject to the requirement that the decision be ripe for review.  In the context of equal protection claims stemming from the regulation of land use, this requirement includes a *final decision* by the relevant government authority.  *Hoehne v. County of San Benito*, 870 F.2d 529, 532 (9th Cir. 1989).

> In suits for wrongful deprivation of property under 42 U.S.C. § 1983, the same considerations that render a claim premature prevent accrual of a claim for

> limitations purposes, and the claim does not accrue until the relevant governmental authorities have made a final decision on the fate of the property.

*Norco Constr. Co. v King County*, 801 F.2d 1143, 1145 (9th Cir. 1986); *McMillan v. Goleta Water District*, 792 F.2d 1453 (9th Cir. 1986).  The "basic rationale" of the ripeness requirement "is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Abbott Laboratories v. Gardner,* 387 U.S. 136, 148-149 (1967).  The Ninth Circuit has emphasized the heavy burden placed on plaintiffs seeking to establish constitutional violations in the context of land use decisions to establish that a final decision has been reached by the administrative agency.  *Hoehne, supra*, 870 F.2d at 532-33.

In this case, the City has not issued a final decision on issuance of a building permit to Plaintiff.  In fact, such a decision was continued—at Plaintiff's request—until August 2008.  Since the City has not rendered a final decision as to Plaintiff's building application, any claims based on the City's conduct with respect to such application are not ripe for review under §1983.

### Motion to Strike

In addition, the City requests that the Court strike the Third Count of the Complaint on the ground that Plaintiff failed to request leave of court prior to filing this supplemental pleading, which sets forth claims premised on conduct alleged to have occurred since the initiation of this action.  Such failure violates Rule of Civil Procedure 15(d), and thus renders the Complaint subject to motion to strike pursuant to Rule 12(f).

1   For all the reasons set forth above, IT IS HEREBY ORDERED THAT Defendants' Motion to
2  Dismiss is GRANTED. The Court hereby DISMISSES Plaintiff's Complaint for Injunctive Relief and
3  Damages for Violation of Civil Rights. Because amendment would be futile, Plaintiff's federal claims
4  are DISMISSED WITH PREJUDICE.
5  Dated:  9/30/08

_____
Saundra B. Armstrong
United States District Judge